STATE of Missouri, Respondent,

v.

Ricky B. HOLT, Appellant.

No. 44232.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 1, 1983.

Robert E. Rapp, Clayton, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant appeals from jury convictions of second degree burglary and stealing a firearm. The trial court sentenced him to consecutive 15 year prison terms. We affirm defendant's conviction but reverse and remand for resentencing.

■ Defendant's first point, claiming error in the trial court's denial of a motion to suppress the fruits of an allegedly unconstitutional search, has not been properly preserved for appellate review. During trial, when the subject matter of the motion to suppress was introduced, defendant raised two objections relating only to the identification of the items seized. See, *State v. Bryson,* 506 S.W.2d 358, 360–61 (Mo.1974).

Nevertheless, we find the warrantless search took place within constitutionally permissible parameters. Officers were called to a hospital with a report a visitor was brandishing a revolver in a threatening manner toward hospital attendants and patients. Hospital officials gave a detailed description of the man and alerted officers to the fact the man kept a blue airline flight bag in his presence at all times.

When the police arrived they were directed to the room where the man was last seen. Upon entering, the police officers saw a man fitting the description they were given. A blue airline flight bag lay under his chair. One officer seized both the suspect and the flight bag and lead him from the room, away from the patients.

As soon as they were outside the patients' presence, the officer unzipped the flight bag. When he looked in he saw a blue steel .357 revolver. At that point defendant was placed under arrest for carrying a concealed weapon.

In determining whether the warrantless search of the flight bag violated the precepts of the Fourth Amendment, we conduct a dual inquiry: "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v. Ohio,* 392 U.S. 1, 19–20, 88 S.Ct. 1868, 1878–1879, 20 L.Ed.2d 889 (1968).

■ The officers were called to the hospital with a report of an armed man threatening the safety of others with a gun. Therefore, the officers knew the man presented a threat to their own safety, justifying the initial seizure of the suspect and the flight bag.

■ Since a *Terry* stop was justified by the facts and circumstances presented to the arresting officers, we next consider whether the search of the flight bag violated the limits permitted by *Terry.* The sole rationale for a Terry search "is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officers." *Terry v. Ohio,* 392 U.S. at 29, 88 S.Ct. at 1884. Such an intrusion also includes the area within the immediate control of the person frisked. *United States v. Chadwick,* 433 U.S. 1, 14, 97 S.Ct. 2476, 2485, 53 L.Ed.2d 538 (1977).

■ We find the present search analogous to the search upheld in *United States v. Johnson,* 637 F.2d 532 (8th Cir.1980). The arresting officers had reasonable grounds to believe defendant had engaged in criminal activity by threatening persons at the hospital. Further, the officers knew defendant to be armed and dangerous. Since the seizure and search were protective and the scope of the search limited, the intrusion under the circumstances was reasonable. *Id.*

■ Defendant urges reversal in his second point due to the trial court's refusal to suppress a confession defendant claims was involuntary. While defendant testified as to threats and coercion surrounding his confession, substantial evidence indicated the confession was made freely. The determination of voluntariness is a question of fact for the trial court to make. *State v. Kimball,* 613 S.W.2d 932, 943 (Mo.App.1981). Since the trial court's finding is supported by sufficient evidence, it will not be disturbed on appeal. *State v. Greathouse,* 627 S.W.2d 592, 595 (Mo.1982).

Pursuant to defendant's pretrial motion, the trial court excluded any testimony concerning certain stolen items obtained as a result of an illegal search of defendant's girlfriend's bedroom. At trial the prosecutor asked a sheriff why he had contacted the girlfriend. The sheriff replied, "[w]e had found some items at her property removed from the [victim's] residence and I wanted to ask her if she had any knowledge of that being there." Defendant immediately objected, requesting a mistrial for a violation of the pretrial order.

The trial court sustained defendant's objection, but assigned as its reason the unresponsive nature of the sheriff's answer. The trial court denied the motion for a mistrial.

■ While mistrial is an appropriate remedy in certain circumstances for violations of pretrial orders, the remedy is a drastic one reserved to the sound discretion of the trial court. This court will not reverse a trial court's exercise of its discretion absent a showing of clear abuse and substantial prejudice resulting to the defendant depriving him of a fair trial. We note from the record defendant did not request the objectionable testimony stricken or for the jury to be instructed to disregard it. Since defendant chose to stand on the harsh and stringent remedy of mistrial rather than requesting other curative action, we cannot say the trial court abused its discretion in assessing the prejudice to defendant and declining to declare a mistrial. See *State v. Carter,* 641 S.W.2d 54, 60 (Mo. banc 1982).

■ Defendant, under the same point, also complains about the victim testifying

as to items of jewelry found missing following the burglary. In so arguing, defendant misconstrues the trial court's pretrial ruling. The order did not forbid the victim from testifying as to what was taken; the order suppressed testimony as to items recovered by an improper search and seizure. The fact the state did not specifically charge defendant with taking the jewelry does not render the victim's testimony irrelevant or inadmissible. *State v. Means,* 628 S.W.2d 426, 429 (Mo.App.1982).

■ Defendant's third complaint, lumped under the same Point Relied On, claims the prosecutor improperly argued in closing the fact jewelry was taken. Again, the motion in limine did not prevent the introduction of such evidence. Second, victim's testimony relating to the stolen jewelry was received without objection. Third, defendant's taped confession was admitted into evidence without objection and made mention of the stolen jewelry. Fourth, the prosecutor did not refer to the jewelry found at defendant's girlfriend's residence, the subject of the pretrial motion in limine. The prosecutor's argument was not improper because it referred to evidence properly admitted at trial without objection.

■ Defendant's fourth point also concerns the state's closing argument. He claims the argument inflamed the jury with a request to "send a message," thereby impermissibly personalizing the case to the jury. At trial, however, defendant objected to the argument due to its inflammatory nature as it was directed to rectifying the problems of society as a whole and not the case on trial.

The prosecutor in fact argued the necessity for law enforcement, the prevalence of crime in the community, the personal safety of its inhabitants, and the duty of the jury to convict defendant to prevent crime. He then asked the jury to consider the results to a society of a failure to uphold the law. We find this argument permissible under *State v. Olds,* 603 S.W.2d 501, 508, 511 (Mo. banc 1980).

■ Finally, defendant challenges the trial court's recalling the jury after less than five minutes of deliberation to correct typographical omissions in the instructions.

The original instruction (MAI–CR.2d 24.-02.1) stated, in part:

"Third, that the property appropriated was a firearm, then you will find the defendant guilty under Count II of stealing without consent."

The corrected instruction merely added the word "and" so that as finally submitted it read:

"Third, that the property appropriated was a firearm, and then you will find the defendant guilty under Count II of stealing without consent."

The other complained of change was in regard to MAI–CR.2d 2.60. The original instruction provided in part:

"Guilty under Count I of trespass in the first degree as submitted in Instruction No. 1 . . . ."

The corrected part of the instruction reads as follows:

"Guilty under that count of trespass of the first degree as submitted in Instruction No. 6 . . . ."

The trial court afforded defendant an opportunity to reargue if he wished. All instructions, including those corrected, were reread to the jury before returning them to deliberate. Defendant has failed to preserve for review his claim that the original instructions, insofar as the typographical error deviated from MAI, require reversal because he did not include the instructions in his brief. Rule 30.06(e). In any event, we conclude defendant was not prejudiced by the correction of the instructions. See, *State v. Montgomery,* 590 S.W.2d 105, 107–08 (Mo.App.1979).

■ We are constrained, however, to reverse defendant's sentence for failure of the trial court to comply with § 558.021, RSMo 1978. The court made no finding of fact beyond a reasonable doubt that defendant came within the terms of § 558.016, RSMo 1978, the persistent offender statute. The record on appeal fails to indicate a

hearing was held for these purposes. Furthermore, defendant's sentence makes no mention of the applicability of the persistent offender statute.

Defendant's conviction is affirmed, but his sentence is reversed and remanded for resentencing in accordance with the persistent offender act.

PUDLOWSKI and SIMON, JJ., concur.