**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Paul Allen WILLIAMS,
Defendant-Appellant.**

No. 14049.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 13, 1985.

William L. Webster, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Jon Van Arkel, Asst. Public Defender, Springfield, for defendant-appellant.

TITUS, Presiding Judge.

Defendant was jury-convicted of the class C felony of failing to return rented personal property with a value of one hundred fifty dollars or more. § 578.150.[1] The court found defendant to be a prior offender and sentenced him to imprisonment for a term of five years. § 558.016. The sufficiency of the evidence is not here questioned. Therefore we recast only those facts necessary to determine the three points relied on.

## I.

In his first point, defendant contends the trial court erred in overruling his motion for a mistrial after state witness Don Lester referred to filing an insurance claim in violation of defendant's motion in limine, which the trial court had previously sustained. The agreement and ruling at the pretrial conference as it relates to this point follows:

THE COURT: Okay. Let me ask you, Mr. Van Arkel. Is that going to be a contested issue (referring to the value of the property), or are you going to have evidence that it's worth less than a Hundred and Fifty?

MR. VAN ARKEL: No, Your Honor, we are not, and I don't feel that any kind of reimbursement is at issue here. I don't think it's relevant and would be prejudicial to my client. That's not an element of the crime to be proven whether there was reimbursement, and I don't think that—I think it goes beyond and exceeds any kind of relevancy.

\*   \*   \*   \*   \*   \*

THE COURT: Do you want to speak further, Mrs. Braun, to this motion?

MRS. BRAUN: Judge, I simply do not see any prejudice to the client. I think that the testimony would be—is going to be short and to the point. There's not going to be anything more than did you receive a check for reimbursement and how much was it? I think it would be an aid to the jury. I don't see how it could possibly prejudice Mr. Williams in this case.

THE COURT: I'm going to sustain the motion.

MR. VAN ARKEL: Thank you, Judge.

THE COURT: As to the insurance claim and proceeds.

Defendant's written motion in limine requested that the trial court "prevent the State from introducing or attempting to introduce into evidence any information concerning any insurance claims filed by or any insurance compensation paid to Taylor Rental Center...."

At trial, the proceedings concerning the filing of an insurance claim were as follows:

Q. Okay. Where are the pink copies of those contracts?

A. I sent those to the Taylor Rental Corporation when I filed my insurance claim.

Q. Okay, so they're—

---

1. Statutory references are to RSMo Cum.Supp. 1984, unless otherwise stated.

MR. VAN ARKEL: Objection, Your Honor. May I approach the bench, please?

THE COURT: You may.

[Counsel approached the bench, and the following proceedings were had outside the hearing of the jury:]

MR. VAN ARKEL: Judge, he has made reference to an insurance claim, and we asked that that be excluded during the trial.

THE COURT: So you want the jury instructed to disregard it? I understood your main purpose in that was not wanting the amount to be—

MR. VAN ARKEL: No, it was any reference at all to the insurance claim.

THE COURT: Okay.

MR. VAN ARKEL: I'll ask for a mistrial, in not being able—and ask that that be stricken, and the jury must disregard it.

THE COURT: Okay. I'm going to overrule the motion for a mistrial because *I don't view that as in any way prejudicial.* But I will instruct the jury, if you want me to, to disregard that. It might call more attention to it.

MR. VAN ARKEL: Yes.

THE COURT: It's up to you.

MR. VAN ARKEL: Why don't we not bring it up any more.

THE COURT: Okay.

(Emphasis added.)

■ Declaration of a mistrial is a drastic remedy and should be employed only in extraordinary circumstances. Whether or not improper evidence is so prejudicial as to require such a remedy is a determination to be made by the trial court in the exercise of its discretion. *State v. Hill,* 614 S.W.2d 744, 752[15, 16] (Mo.App.1981). While mistrial is an appropriate remedy under some circumstances for violation of pretrial orders, the remedy is a drastic one, and we will not reverse a trial court's exercise of its discretion absent a showing of clear abuse and substantial prejudice resulting to the defendant. *State v. Holt,* 660 S.W.2d 735, 737 (Mo.App.1983). The record shows defendant chose to stand on the harsh remedy of mistrial, rather than requesting other curative relief. In addition, the trial court specifically found the defendant had not been prejudiced and that the main purpose behind the order had not been breached, at least not as far as it had perceived the defendant's purpose. Under the circumstances, we cannot say the trial court abused its discretion in assessing the prejudice to defendant and declining to declare a mistrial. *Id.* at 737[6]. Defendant's first point is denied.

**II.**

■ In his second point, defendant alleges the trial court erred in submitting "the state's instruction on failing to return rented property in that the instruction failed to properly state the law regarding the necessary mental element contained in RSMo. Section 578.150, and thereby denied defendant his rights to due process." Defendant contends the mental element[2] in said instruction did not conform to the corresponding language of § 578.150.1.[3] There was no applicable MAI-CR form instruction. Where there is no applicable MAI-CR form, a modified form or a form not in MAI-CR, shall be simple, brief, impartial, and free from argument. *State v. Smashey,* 672 S.W.2d 154, 157 (Mo.App. 1984). Any error occurring in a criminal case, in regard to giving an instruction which is not an approved instruction, will cause reversal only if it has prejudiced defendant. *State v. Harvey,* 641 S.W.2d 792, 799[4] (Mo.App.1982).

■ The instruction given to the jury required them to find the "defendant will-

2. The relevant portion of jury instruction number 5 provided the jury must find and believe "defendant willfully failed to return the property for the purpose of withholding it from Taylor Rental Service permanently."

3. Section 578.150.1 provides:

A person commits the crime of failing to return leased or rented property if, with the intent to deprive the owner thereof, he willfully fails to return leased or rented personal property....

fully failed to return the property" and went on to require that such failure be "for the *purpose* of withholding it from Taylor Rental Service permanently." (Emphasis added.) As "purposely" is the highest culpable mental state prescribed by law and is defined as requiring that it be defendant's "conscious object to engage in that conduct or to cause that result," § 562.016.2 RSMo 1978, we can find no prejudice to defendant. If the jury believed the defendant "willfully failed to return the property for the purpose of withholding it" they necessarily found that he acted intentionally. As the instruction submitted required the jury to find each and every element of the crime charged, we fail to find any prejudice requiring us to overturn the jury's determination of guilt. *Smashey*, 672 S.W.2d at 158. Defendant's second point is denied.

### III.

■ Lastly, the defendant asserts the trial court plainly erred in allowing the state to cross-examine him concerning a prior bad act and unrelated crime for which he was not on trial. During cross-examination, the state asked a series of questions concerning where he had been living the last two years and whether he had been evicted for failing to pay rent. Defendant replied that he had been evicted for failure to pay rent twice in the last two years and could not be sure how many places he had lived in that period. The state asked defendant whether his father-in-law, whose phone number he had placed on the rental contract, had filed a peace disturbance charge against him to which defendant replied, "Yes, and then I reversed it because of harassment." In its last question concerning defendant's father-in-law, the state asked, "So you're asking people to call that number to talk to your father-in-law *that you don't get along with,* and you are not there?" (Emphasis added.) Defendant replied, "He does that (takes my phone calls) for my wife." None of the questions or answers concerning defendant's failure to pay rent and the peace-disturbance charge were objected to by defendant.

During his direct examination, defendant testified he and a friend had loaded the rented property on a truck and returned it to Taylor's Rental where a woman had told him to " 'bring it in and set it inside the door.' " He testified she had not given him a receipt or arranged for payment of the additional rent he owed for keeping the property past the time he had agreed to return it. Defendant also testified as to his intent in renting the equipment, claiming he had rented it in order to paint his car and change the transmission.

The issue raised in defendant's third point was not preserved for our review because no objection was made at trial and the issue was not presented to the trial court in the motion for new trial. Defendant urges us to consider the issue as plain error. We have the discretion to consider plain errors affecting substantial rights "when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." V.A.M.R. Rule 29.12(b); *State v. Ward,* 622 S.W.2d 354, 357 (Mo. App.1981). We have reviewed the issue and read the transcript. No injustice was perpetrated by the failure of the trial court to act in the absence of an objection by defendant.

In fact, the testimony may have been admissible even if defendant had objected. Defendant's testimony, concerning his intent in renting the equipment and its return, clearly raised the issue of what his intent was when he rented the equipment and filled out the rental agreement between himself and Taylor Rental Service. The state's evidence raised the inference that defendant had made himself hard to find or contact by changing his address frequently and by placing his father-in-law's telephone number on the rental contract, and that when he filled out the rental contract he had no intention of returning the rental property. Having testified as to his intent, it was competent to cross-examine him concerning acts done by him that were inconsistent with his testimony. *State v. Dees,* 276 S.W.2d 201, 207[13] (Mo.

1955). We therefore rule point three against defendant.

The judgment is affirmed.

FLANIGAN and GREENE, JJ., concur.