**STATE of Missouri, Respondent,**

v.

**Rex D. NELSON, Appellant.**

**No. WD 41587.**

Missouri Court of Appeals,
Western District.

Oct. 3, 1989.

Willard B. Bunch, Kansas City, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and
LOWENSTEIN and BERREY, JJ.

CLARK, Presiding Judge.

Rex D. Nelson was convicted of the offenses of first degree robbery and armed criminal action and he was sentenced to concurrent twenty year terms of imprisonment. On appeal, he raises a single point of error contending that the trial court erred in failing to suppress certain items of physical evidence presented at trial.

The relevant facts, presented by stipulation of counsel, were as follows. In the early morning hours of July 11, 1988, a convenience store in Kansas City was robbed by a white male described by the store clerk as 45 to 55 years of age, six feet in height and weighing about 160 pounds. He had a grayish beard and he was wearing a light blue shirt and blue jeans. He had on mirrored glasses and a tan baseball cap.

The store was equipped with a surveillance camera which was activated when the clerk pulled "bait" money from the cash register to give the robber on his demand. When film from the camera was developed, it showed a white male with a gun and words on the baseball cap: "When I'm Right Nobody Remembers. When I'm Wrong Nobody Forgets." The store clerk was unable to identify the robber from a group of photographs shown to him by the police.

A partial record and partial transcript have been filed with the appeal. It appears, although not fully presented in the record here, that the defendant waived a jury trial, the prospective sentence on conviction was stipulated and Nelson rested his defense solely on the contention that physical evidence seized from his automobile and linking him with the crime was inadmissible. The case was therefore focused on defendant's motion to suppress. The hearing on the motion developed the following facts.

At 2:00 a.m. on the night following the robbery, police officer Taylor was in the parking lot of the same convenience store when he observed an automobile parked with the lights on at a stop sign across the street. Taylor drove his police vehicle past the parked car and noticed that the driver, later identified as Nelson, was a white male with a full beard. As the suspect vehicle moved away from the stop sign, Taylor followed. For a distance of eighteen blocks, the car Taylor was following drove at speeds betweeen 5 and 10 miles per hour and stopped, not only for red lights, but also at yellow lights.

Taylor was aware of the robbery committed at the convenience store the previous night and the description of the robber as a white male with a beard. He considered it to be a suspicious circumstance that the car he observed driven by a man with a beard had been parked across the street from the store at 2:00 a.m. and that it thereafter was driven with excessive caution inappropriate to the condition of traffic. Taylor therefore stopped the car and was able to observe looking through the window clothing on the rear seat matching those described as having been worn by the convenience store robber. Taylor also made a search of the seat area within the driver's reach and found a .38 caliber revolver. Nelson was placed under arrest.

The following afternoon, a search warrant was obtained and the clothing on the rear seat of Nelson's car was examined. Retrieved were a light blue shirt, a pair of mirrored sunglasses and a tan baseball cap with the legend "When I'm Right Nobody Remembers. When I'm Wrong Nobody Forgets." It was these items which were the subject of the motion to suppress.

Appellant contends the trial court erred when it denied the motion to suppress because there was no reasonable basis for officer Taylor to have believed Nelson was involved in criminal activity or that the vehicle contained contraband and therefore the stop of Nelson's car was not lawful. If that be so, then the observations by the officer which formed the basis for the search warrant had no legitimacy.

█ If the police have a reasonable suspicion, grounded in specific and articulable facts that a person they encounter was involved or is wanted in connection with a completed felony, a stop under the rule of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), may be made to investigate that suspicion. *United States v. Hensley*, 469 U.S. 221, 229, 105 S.Ct. 675, 680, 83 L.Ed.2d 604 (1985). It is therefore not necessary that the person stopped be currently engaged in criminal conduct or be in flight from the scene of a crime before an investigatory stop is justified.

█ An investigatory stop is permissible when the police officer entertains a reasonable suspicion that the person stopped has been involved in criminal activity. Reasonable suspicion is present when the officer is able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion. *State v. Smith*, 681 S.W.2d 518, 520 (Mo.App.1984). The reasonable suspicion required to allow an investigatory stop need not be as strong as the probable cause required to justify an arrest. *State v. Shelli*, 675 S.W.2d 79, 81 (Mo.App.1984). The essence of all that has been written regarding the question of what cause is sufficient to authorize police to stop a person is that the totality of the circumstances, the whole picture, must be taken into account. *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 694, 66 L.Ed.2d 621 (1981).

In *State v. McQuinn*, 761 S.W.2d 668 (Mo.App.1988), two police officers riding in a patrol car observed McQuinn looking into

the front windows of a closed service station late in the evening. The officers knew the station had been burglarized before. They stopped to question McQuinn, examined a briefcase he was carrying and found a loaded handgun. McQuinn was charged with and convicted of carrying a concealed weapon. In response to McQuinn's claim that the trial court should have suppressed the gun because discovered during a warrantless search, the court held that the circumstances justified a reasonable suspicion on the part of the officers sufficient to warrant an investigatory stop under *Terry* guidelines. The examination of the briefcase thereafter was proper for the officers' protection.

The facts of the present case are much like *McQuinn* in that both defendants were in the vicinity of premises late at night and the locations were those where previous criminal activity had occurred. Here, however, a much stronger case for an investigatory stop was made. In addition to the presence of Nelson at a late hour near the store which had been robbed the night before, Nelson bore a superficial resemblance to the robber described by the store clerk. The officer was on the lookout for a man of that description and when Nelson drove away, his manner of operating the car evidenced nervousness reasonably associated with the proximity of the following police vehicle and a consciousness of guilt.

 Nelson argues that his presence near the store in the early morning hours could readily be attributable to lawful conduct. He also suggests that a natural response by a driver who is being followed by a police vehicle is to observe carefully all traffic laws and that reasonable suspicion justifying an investigatory stop could not be drawn from facts having an innocent explanation. This contention must fail because the reasonable suspicion needed to justify an investigatory stop need not be based on articulable facts and rational inferences which exclude every possible interpretation other than criminal activity. *State v. Purnell*, 621 S.W.2d 277, 285 (Mo. 1981). The circumstances do not have to exclude the possibility of innocent behavior.

In this case, the facts justified a reasonable suspicion entertained by officer Taylor that Nelson may have been involved in the convenience store robbery and the stop of Nelson to make inquiry of him was justified. That test having been met, the officer's observations were sufficient to support issuance of the search warrant and the seizure of the articles in question from the car. The trial court did not err in overruling appellant's motion to suppress that evidence.

The judgment is affirmed.

All concur.