**STATE of Missouri, Respondent,**

v.

**Eddie P. WASELEWSKI, Appellant.**

No. 47099.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 5, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Robert A. Hampe, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Eddie P. Waselewski (defendant) appeals from a judgment entered on his conviction of driving while intoxicated (DWI), a class D felony under § 577.010.–1 & 2.(3), RSMo (1978)[1] for which he was sentenced to serve a term of five years with the Department of Corrections. The cause was submitted to the court on stipulated facts, among which was the result of a gas chromatographic analysis of defendant's breath sample taken when he was apprehended on February 20, 1980, which showed his blood alcohol concentration was .23%.[2]

Defendant first contends that his prosecution was barred by the running of the one-year period of limitations for misdemeanors in § 556.036.2(2). The answer is that defendant was charged with a felony by an information in lieu of indictment filed on February 7, 1983—within the three-year period of limitations for commencing prosecutions for felonies. Section 556.036.2(1). The point is denied.

Defendant next assigns as error the trial court's refusal to dismiss the information because of what defendant calls "excessive preindictment delay."

To be entitled to dismissal of an information for preindictment delay a defendant

1. Section 577.010, RSMo (1978) provided, in its pertinent part (all further references to statutory sections are to RSMo (1978) unless indicated otherwise):

–1. A person commits the crime of driving while intoxicated if he operates a motor vehicle while in an intoxicated or drugged condition.

2. Driving while intoxicated is:
* * * * * *

(3) For the third and subsequent offenses, a class D felony.

The maximum sentence allowable upon conviction of a class D felony is five years. Section 558.011.–1.(4).

Sections 577.010 and 577.030 (the pertinent part of the latter statute is set out in n. 2 *infra*) were repealed effective August 13, 1982, *see* Laws of Mo.1982, p. 682 § 1, and were superseded by provisions now found at §§ 577.001 through 577.051, RSMo (Supp.1983).

2. Section 577.030 provided, so far as relevant here:

–1. Upon the trial of any criminal action * * * arising out of acts alleged to have been committed by any person while driving a motor vehicle while intoxicated, the amount of alcohol in the person's blood at the time of the act alleged as shown by chemical analysis of the person's blood, breath, saliva or urine is admissible in evidence. Such evidence shall be given the following effect:
* * * * * *

(3) If there was ten-hundreths of one percent or more by weight of alcohol in the person's blood, this shall be prima facie evidence that the person was intoxicated at the time the specimen was taken.

must show two things: (1) that the preindictment delay caused substantial prejudice to his right to a fair trial, *and* (2) 'that the delay was an intentional device to gain tactical advantage over the accused.'

*State v. Scott*, 621 S.W.2d 915, 917 (Mo. 1981). Defendant did allege that during the delay his only eyewitness died, though he does not say what the testimony of the witness would have been or how he is prejudiced by its loss. Further defendant neither alleged nor proved that the delay was an intentional device to give the prosecution a tactical advantage. The trial court, therefore, did not err by denying defendant's motion to dismiss.

■ Defendant's last point is that the State failed to prove the two prior DWI convictions required to convict him of felonious DWI under § 577.010. As noted earlier, this cause was submitted on stipulated facts, which were those "in the police report, lab report, plus the contents of court file # s 801–00584 & 809–06217 * * * *" The latter two court files pertain to earlier DWI charges against the defendant that arose from his arrest in February 1980, each of which was disposed of by the prosecution's entry of a nolle prosequi. Among the contents of those files are certified copies of minute entries in two cases pending before the St. Louis Court of Criminal Correction in 1976. In each case one Eddie Waselewski entered a plea of guilty to the charge of Driving While Intoxicated and received a fifteen-day jail sentence.[3] We need not set out the minute entries *verbatim*. The identity of names in those cases and in this one is enough to establish the defendant's identification for the purpose of proving prior convictions, *State v. Morris*, 591 S.W.2d 165, 169 (Mo.App.1979). The record of the guilty pleas and sentences in the minute entries suffice to prove the convictions themselves. *See State v. Quinn*, 594 S.W.2d 599, 602 (Mo.

banc 1980); *State v. Walls*, 597 S.W.2d 868, 869, 870 (Mo.App.1980).

The judgment is affirmed.

KAROHL, P.J., and REINHARD, J., concur.

---

**3.** It also appears that the defendant in each case was represented by counsel, so no issue arises here under *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) as to whether those prior convictions were properly used to enhance the charge against the defendant and his sentence on his conviction.