**STATE of Missouri, Plaintiff–Respondent,**

v.

**John E. WILLIAMS, Defendant–Appellant.**

No. 52367.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 20, 1987.

Motion for Rehearing and/or Transfer Denied Nov. 18, 1987.

Application to Transfer Denied Dec. 15, 1987.

Thomas J. Marshall, Public Defender, Moberly, for defendant-appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Judge.

Defendant was convicted of possessing a knife on the premises of a Missouri penal institution, in violation of section 217.360.-1(4), RSMo. 1986.[1] Defendant appeals, claiming: (1) the trial court erred by denying defendant's motion to dismiss for failure to prosecute; (2) the trial court erred by improperly instructing the jury; (3) the trial court erred by denying defendant's motion for acquittal and motion for a new trial because there was insufficient evidence to show that the object in question was a weapon. We affirm.

Defendant, while an inmate at the Missouri Training Center for Men at Moberly, submitted to a routine body search on February 24, 1985. The prison officer conducting the search found, in defendant's pocket, a four and one-half inch metal rod sharpened to a point. A felony complaint was filed against defendant on March 7, 1986. During the year-long interval between the incident and the complaint, defendant was first placed in segregation then transferred to another prison. Defendant filed a motion to dismiss the information for failure to prosecute. He claims that, due to the

delay, he is now unable to clearly remember what happened and he is unable to locate certain inmates who were eyewitnesses to the search. The trial court denied the motion on the grounds that defendant failed to show prejudice. Subsequently, the case was tried before a jury.

The state presented three witnesses, including the two officers who conducted the body search. These officers testified that on February 24, 1985 they conducted routine, random searches of inmates leaving the chow hall. Defendant was one of the inmates searched that day. During the search, the first officer found the metal rod, described above, in defendant's rear pants pocket.

Defendant does not deny the search or the fact that the rod was in his possession. Instead, he called two witnesses, also inmates, who testified that defendant used the rod as a wood carving tool and that it was not unusual for prisoners to have such "hobby" tools. One of defendant's witnesses even testified that he saw defendant put the rod into his pants pocket prior to leaving his cell for the chow hall. After the jury found defendant guilty, he was sentenced to five years, to be served concurrently with his current sentence.

█ Defendant's first point relied on alleges that the trial court erred in denying his motion to dismiss the information for failure to prosecute. A pre-indictment delay entitles a defendant to a dismissal if two requirements are met: (1) the delay must have substantially prejudiced the defendant and (2) "the delay was an intentional device to gain tactical advantage over the accused." *State v. Scott*, 621 S.W.2d 915, 917 (Mo.1981). When a trial court denies such a motion based on lack of prejudice, as the trial court did here, the appellate court should reverse that decision only

---

1. The pertinent part of section 217.360 reads as follows:
   1. It shall be an offense for any person to knowingly deliver, attempt to deliver, have in his possession, deposit or conceal in or about the premises of any division correctional institution:

   . . . . .

   (4) Any gun, knife, weapon, or other article or item of personal property that may be used in such manner as to endanger the safety or security of the institution or as to endanger the life or limb of any inmate or employee thereof.

if it was clearly erroneous. *State v. Barrett,* 710 S.W.2d 489, 490 (Mo.App.1986).

*State v. Waselewski,* 674 S.W.2d 177 (Mo.App.1984), involved a similar situation. During the pre-indictment delay in that case, the sole eyewitness died. Because defendant did not state what testimony the witness would have offered nor how the delay prejudiced him, the trial court correctly denied the motion to dismiss the information. In addition, the defendant neither alleged nor proved that the delay was an intentional device to gain a tactical advantage. *Id.* at 179.

■ Defendant here alleges that the delay rendered him unable to locate other prisoners who were eyewitnesses to the search. He does not, however, state what testimony these witnesses would give if found. Since the defendant did not challenge the officers' accounts of the search, we are at a loss in divining what new or additional information these eyewitnesses may have contributed. Consequently, the trial court's decision was not clearly erroneous.

Because the first requirement was not met, we do not need to determine if the delay was intentional. We do, however, note the absence of any suggestion by defendant of any specific tactical advantage which the state gained by virtue of the delay.

Defendant's second point alleges error in the following instruction.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about February 24, 1985, in the County of Randolph, State of Missouri, the defendant knowingly had in his possession a weapon, to-wit: a metal rod sharpened to a point at one end, an article that may be used in such a manner as to endanger the safety or security of a correctional institution, and

Second, that this possession was on or about the premises of the Missouri Training Center for Men, a correctional institution of the Department of Corrections and Human Resources.

then you will find the defendant guilty of possession of a weapon on or about the premises of a correctional institution.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

■ There is no approved pattern instruction for the submission of a violation of section 217.360.1(4). Supreme Court Rule 28.02(d) provides that where there is no applicable MAI–CR form, the instruction should follow the format and "skeleton forms therein." Defendant contends the instruction fails to comply with the general format mandated by MAI–CR2d 2.04, requiring each essential element of the principal offense to be submitted in numbered paragraphs. He complains that the instruction as given combines in a single paragraph the element of possession and the finding that the sharpened rod may be used to endanger safety and security. Assuming that submission of the two elements in separately numbered paragraphs may have been preferable as a matter of form, we fail to see any possibility of confusion or misunderstanding on the part of the jury resulting from the instruction as given. Any error in the form of a "not-in-MAI–CR" instruction will cause reversal only if the error has prejudiced the defendant. *State v. Williams,* 700 S.W.2d 541, 543 (Mo.App.1985). We can perceive no such prejudice by reason of the combination of these elements in a single paragraph.

■ Defendant also challenges the instruction in that it fails to require the jury to find that he was aware of the dangerous character of the article and knew that he possessed it. The instruction did require the jury to find that defendant "knowingly had in his possession a weapon." As we interpret the defendant's argument, he seems to be attempting to read into section 217.360.1(4) an additional element not expressed in the statute. Namely, defendant wishes to require a finding that the possessor was aware that the article was a weapon. He offered an instruction, refused by

the trial court, which would have required the jury to find "that the defendant was aware of the character of the metal rod and knew that he possessed it." This language is obviously drawn from MAI–CR2d 32.06, the approved verdict-directing instruction for submission of the offense of possession of a controlled substance.

We recognize that section 195.020, RSMo. 1968, which proscribes possession of a controlled substance, is similar to section 217.360.1(4) in that neither mentions the defendant's awareness of the character of the item in his possession. This element was judicially interposed in controlled substance cases in recognition of the reality that mere possession of a package, without knowledge of the character of its contents, does not establish culpability. *See State v. Burns*, 457 S.W.2d 721, 724–25 (Mo.1970). The test of culpability for possession of a controlled substance, as set forth in *State v. Young*, 427 S.W.2d 510 (Mo.1968), is "whether 'the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.'" *Id.* at 513 quoting Annot., 91 A.L.R.2d 811 (1963). The need for such a test is predicated not only upon the fact that packaging of controlled substances may conceal the nature of what is contained, but also upon the fact that simple observation of such substances does not disclose their real nature. Only the testimony of a qualified expert witness will establish whether a substance is or is not within the categories proscribed by the statute.

■ In the instant case, no expert testimony is necessary to establish that a four and one-half inch metal rod sharpened to a point on one end is an "article that may be used in such manner as to endanger the safety and security of a correctional institution." Here, there is no evidence of packaging nor any indication that defendant did not know what he possessed. Indeed, defendant's own witness testified that defendant placed the rod into his own pocket. The state need not prove an intent to use the article as a weapon; it is the knowing possession of a potentially dangerous article in a correctional institution which the statute prohibits. Under the circumstances of this case, defendant was not prejudiced by the failure to instruct the jury that defendant's awareness of the character of the metal rod was an essential element of the offense.

■ Defendant's final point on appeal challenges the sufficiency of the evidence. He argues that, because of his evidence that the sharpened metal rod was a tool for carving wooden chess pieces, the state failed to prove the rod was a weapon. Section 217.360.1(4) proscribes the possession of an article which potentially may be used to endanger safety and security. The volatile atmosphere in a correctional institution warrants such a legislative proscription regardless of the possessor's purpose or intent. The fact that the sharpened metal rod may have been used as a carving tool does not eliminate its potential use as a weapon.

Judgment affirmed.

SIMEONE, Senior Judge, and DIERKER, Special Judge, concur.