**STATE of Missouri, Plaintiff/Appellant,**

v.

**Arnold HELLEMS,
Defendant/Respondent.**

**No. ED 76107.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 25, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 14, 2000.

Mark T. Bishop, Asst. Pros. Atty., Clayton, for Appellant.

Michael J. Mettes, Clayton, for Respondent.

SHERRI B. SULLIVAN, Judge.

State of Missouri ("Appellant") appeals from a judgment and order granting Respondent Arnold Hellems' ("Respondent") Amended Motion to Dismiss with prejudice for violating Respondent's right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution, made applicable to Appellant by the Fourteenth Amendment, and by Article I, § 18(a) of the Missouri Constitution. We reverse and remand.

On December 8, 1997, Respondent was charged by information with Assault in the Third Degree, a class A misdemeanor in violation of Section 565.070.[1] On June 1, 1998, Respondent filed a Demand for Trial Pursuant to the Sixth Amendment of the United States Constitution, Article I, § 18(a) of the Missouri Constitution and RSMo Section 217.450.1 (Cum Supp 1996).

On March 15, 1999, the trial court heard partial oral arguments on Respondent's Motion to Dismiss for Violation of Uniform Mandatory Disposition of Detainers Act, Section 217.450 RSMo. This evidentiary hearing was off the record and was continued on the record on March 19, 1999. At the March 19 hearing, the trial court gave Respondent until March 22, 1999, to sub-

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

mit certified records from the Department of Corrections. On March 22, the court granted Respondent until March 26 to submit the records. Also on March 22, Respondent formally filed his Motion to Dismiss.

On March 26, 1999, Respondent filed an Amended Motion to Dismiss that incorporated the constitutional provisions under which Respondent had made his Demand for Trial. Respondent also filed the documents that he received from the Missouri Department of Corrections. On April 19, 1999, the trial court entered a judgment and order denying Respondent relief under the Uniform Mandatory Disposition of Detainers Act but granting Respondent's Amended Motion to Dismiss with prejudice based on a violation of Respondent's right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution, made applicable to Appellant by the Fourteenth Amendment, and by Article I, § 18(a) of the Missouri Constitution.

On April 23, 1999, Appellant filed a Motion to Reconsider Dismissal With Prejudice which was denied on April 29 because the trial court no longer had jurisdiction to rule on the matter in that the discharge of Respondent effectively terminated the case and withdrew jurisdiction from the trial court. *See State v. Bibb*, 922 S.W.2d 798, 800–801 (Mo.App. E.D.1996).

■ Respondent contends that all three of Appellant's Points Relied On do not comply with Rule 30.06(d).[2] However, we may rule on the merits of the appeal when the issues in question are clear and can be found somewhere else in the brief. *State v. Nathan*, 992 S.W.2d 908, 909 (Mo.App. E.D.1999). Thus, we choose to review the points *ex gratia*.

■ Additionally, although the parties do not address the issue, it is important to

note that the state has no right of appeal in a criminal case unless that right is expressly conferred by statute. *State v. Morton*, 971 S.W.2d 335, 339 (Mo.App. E.D.1998). Section 547.200.2 allows the state to appeal "in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant." In pre-trial proceedings, jeopardy does not attach unless a question of the defendant's guilt or innocence is involved. *Morton*, 971 S.W.2d at 339. Therefore, because the question of Respondent's guilt or innocence was not involved in his Amended Motion to Dismiss, the risk of double jeopardy was not implicated, and Appellant may appeal pursuant to Section 547.200.2.

■ Appellant's point one on appeal argues that the trial court clearly erred in granting Respondent's Amended Motion to Dismiss because the ruling violated Rule 20.01(d) in that Appellant did not have an opportunity to respond to the Amended Motion to Dismiss.

Rule 20.01(d) provides in part: "A written motion... and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by law or court rule or by order of the court."

A bifurcated hearing on Respondent's original Motion to Dismiss was held on March 15 and March 19. The trial court stated that the hearing was "being held with respect to a motion to dismiss filed by the Defendant for failure of the State to comply with the Uniform Mandatory Disposition of Detainers Act." Respondent filed his Amended Motion to Dismiss on March 26. Respondent never filed a notice of a hearing with respect to the amended motion, and the trial court never held a hearing on the amended motion. However, the trial court ruled on the

---

**2.** All rule references are to Mo. Sup.Ct. Rules 1999, unless otherwise indicated. Rule 30.06(d) provides in part: "The points relied on shall state briefly and concisely what ac-

tions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous with citations of authorities thereunder."

amended motion on April 19. Thus, a hearing was held for the original motion but the trial court ruled on the amended motion.

■ Although Appellant did not file a response to the amended motion objecting on the basis of a Rule 20.01(d) violation, Appellant did state in its Motion to Reconsider Dismissal With Prejudice that it "was not given an opportunity to object or respond to any of the evidence that was presented to [the trial court] after the hearing on March 19, 1999." In fact, neither side had the opportunity to present evidence or to object to evidence on the issue of Respondent's constitutional right to a speedy trial. Unlike argument regarding a violation of the Uniform Mandatory Disposition of Detainers Act, a four-part analysis is necessary to determine whether a defendant has been denied his constitutional right to a speedy trial.[3] Appellant must be given the opportunity to address this issue.

The judgment of the trial court is reversed and remanded for a hearing on Respondent's Amended Motion to Dismiss to determine whether Respondent's constitutional right to a speedy trial has been violated. In light of our analysis of Appellant's point one on appeal, Appellant's remaining two points need not be addressed.

CRANE, P.J. and ROBERT G. DOWD, Jr. J., concur.

---

**3.** The analysis includes the balancing of four factors: (1) length of the delay; (2) reason for the delay; (3) defendant's assertion of his or her right to a speedy trial; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Ivester,* 978 S.W.2d 762, 764 (Mo.App. E.D.1998).