**STATE of Missouri, Appellant,**

v.

**Heinz B. HORN, Respondent.**

**No. ED 97341.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 18, 2012.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Oct.
23, 2012.

Application for Transfer Denied
Dec. 18, 2012.

Chris Koster, Attorney General, Daniel N. McPherson, Assistant Attorney General, Jefferson City, MO, for Appellant.

Jeffery S. Eastman, Gladstone, MO, Carl M. Ward, Saint Louis, MO, Jason A. Korner, Saint Louis, MO, for Respondent.

## OPINION

GLENN A. NORTON, Judge.

The State of Missouri appeals the order dismissing a charge against Heinz B. Horn for driving while intoxicated based upon the one-year statute of limitations for misdemeanor offenses. We reverse and remand.

## I. BACKGROUND

On September 29, 2009, the State filed a complaint charging Horn with the class B felony of driving while intoxicated. The complaint alleges that Horn operated a motor vehicle while under the influence of alcohol on or about June 9, 2007. The complaint also alleges that Horn was a chronic offender because he had pled guilty to driving while intoxicated on four previous occasions. The complaint specifically sets forth the date of each guilty plea, the date the events occurred for each of-

fense, and the Circuit Court in which each plea was entered.

In September 2010, Horn appeared at a preliminary hearing, where the court found there was probable cause to believe that Horn had committed a felony. Later that same month, the State filed an information containing the same allegations as the complaint. Horn waived arraignment and asked the court to enter a plea of not guilty.

Subsequently, Horn filed a motion to dismiss the charge of driving while intoxicated on the grounds that the State had failed to file its charging document within the one-year statute of limitations for misdemeanor offenses. The trial court granted Horn's motion to dismiss. In its order dismissing the charge against Horn and discharging Horn, the trial court found that the one-year statute of limitations for misdemeanor offenses applied to Horn's charge because section 577.010 RSMo 2000 [1] defines an underlying charge of driving while intoxicated as a class B misdemeanor and section 577.023 RSMo Supp. 2006 [2] merely authorizes enhanced punishment on repeat driving while intoxicated offenders. The State appeals.

## II. DISCUSSION

### A. Whether the State has a Right to Appeal the Dismissal of the Charge Against Horn

As an initial matter, we address the issue of whether the State has a right to appeal the trial court's order dismissing the charge against Horn for driving while intoxicated based upon the one-year statute of limitations for misdemeanor offenses.

■■■ The State may appeal in a criminal case when the right to appeal is expressly conferred by statute and after the rendition of a final judgment.[3] *State v. Hellems*, 13 S.W.3d 302, 304 (Mo.App. E.D.2000); Missouri Supreme Court Rule 30.01(a) (2012). Section 547.200.2 allows the State to appeal "in all [ ] criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant." "[A] judgment is final when the trial court enters an order of dismissal or discharge of the defendant prior to trial which has the effect of foreclosing any further prosecution of the defendant on a particular charge." *State v. Burns*, 994 S.W.2d 941, 942 (Mo. banc 1999).

■■■ Here, the State's right to appeal the trial court's order dismissing the charge against Horn based upon the statute of limitations for misdemeanor offenses is expressly conferred by section 547.200.2 because the possible outcome of this appeal would not result in double jeopardy for Horn since his guilt or innocence is not in question. *See State v. Casaretto*, 818 S.W.2d 313, 314–16 (Mo.App. E.D.1991) (finding the State had a right to appeal dismissal based upon statute of limitations pursuant to former version of section 547.200.2 because appeal would not result in double jeopardy for the defendant). Additionally, the trial court's order which dismisses the charge against Horn for

---

1. Unless otherwise indicated, all further statutory references are to RSMo 2000.

2. All further statutory references to section 577.023 are to RSMo Supp.2006.

3. We note that the State may also file an interlocutory appeal under the circumstances listed in section 547.200.1. *State v. Smothers*, 297 S.W.3d 626, 630 (Mo.App. W.D.2009); *See also* Missouri Supreme Court Rule 30.02 (2012) (providing appellate procedure for interlocutory appeals). None of the circumstances listed in section 547.200.1 are applicable in this case.

driving while intoxicated and which discharges Horn has the effect of foreclosing any further prosecution of Horn on that particular charge and is therefore considered a final judgment. *See Burns,* 994 S.W.2d at 943 (finding that if "the statute of limitations has run … [it] precludes further litigation of any issue or claim"). Accordingly, the State has a right to appeal the trial court's order dismissing the charge against Horn. We now turn to the merits of the State's appeal.

## B. Whether the Trial Court Erred in Dismissing the Charge Against Horn

In its sole point on appeal, the State contends that the trial court erred in dismissing the charge against Horn for driving while intoxicated based upon the one-year statute of limitations for misdemeanor offenses. We agree.

### 1. Standard of Review and General Law

■ The determination of which statute of limitations applies to a particular offense is a question of law that we review de novo. *State v. Donelson,* 343 S.W.3d 729, 733 (Mo.App. E.D.2011). As indicated below, that determination requires us to engage in statutory interpretation, which is also a question of law that is reviewed de novo. *State v. Andrews,* 329 S.W.3d 369, 371 (Mo. banc 2010). "The primary objective of statutory interpretation is to ascertain the intent of the legislature and give effect to that intent as it is reflected in the plain language of the statute." *State v. Meyers,* 333 S.W.3d 39, 47 (Mo. App. W.D.2010) (internal quotation omitted).

■ With certain exceptions not applicable in this case, a prosecution for "any felony" must be commenced within three years after every element of the offense is committed, and a prosecution for "any misdemeanor" must be commenced within one year after every element of the offense is committed. Section 556.036.2 RSMo Supp. 2009 [4]; Section 556.036.4. A prosecution is commenced for a felony when a complaint or indictment is filed and for a misdemeanor when an information is filed. Section 556.036.5.

### 2. The Three–Year Statute of Limitations for Felony Offenses Applies to the Charge Against Horn

■ In this case, the charging documents allege that Horn committed the offense of driving while intoxicated on or about June 9, 2007. The State filed the complaint charging Horn with the class B felony of driving while intoxicated on September 29, 2009, within the three-year statute of limitations for felony offenses. Because the information containing the same allegations as the complaint was not filed until September 2010, the State concedes that the charge against Horn would be time-barred by the one-year statute of limitations for misdemeanors if the charged offense was a misdemeanor. However, the State contends that the charged offense was a felony subject to the three-year statute of limitations for felony offenses and therefore the trial court's dismissal of the charge was improper.

#### a. *State v. Ewanchen* and *State v. Cullen* are Inapplicable

In its order dismissing the driving while intoxicated charge against Horn on the grounds that it was not filed within the one-year statute of limitations for misdemeanor offenses, the trial court found that section 577.010 defines an underlying charge of driving while intoxicated as a class B misdemeanor and section 577.023

---

4. All further statutory references to section 556.036 are to RSMo Supp.2009.

merely authorizes enhanced punishment on repeat driving while intoxicated offenders. In support of those findings, Horn relies on language from *State v. Ewanchen*, 799 S.W.2d 607 (Mo. banc 1990) and *State v. Cullen*, 39 S.W.3d 899 (Mo.App. E.D.2001) referring to driving while intoxicated as a class B misdemeanor and labeling former versions of section 577.023 as "a specific subsequent offense penalty enhancement statute." 799 S.W.2d at 608, 609, 39 S.W.3d at 903, 904 (internal quotation omitted). Horn also relies on language from *Cullen* stating that proof of prior intoxicated-related convictions is not an essential element of the underlying intoxication-related offense for which a defendant is charged but rather "merely serves to authorize enhanced punishment for the underlying offense charged, if the defendant is found guilty." 39 S.W.3d at 904.

We find that *Ewanchen* and *Cullen* are inapplicable to this appeal because neither case involved the issue of whether the misdemeanor or felony statute of limitations applies to a defendant charged with felony driving while intoxicated based upon his prior intoxication-related convictions. *See Ewanchen*, 799 S.W.2d at 608 (issue was "whether the persistent offender statute may be applied when the offense actuating the sentence enhancement was itself enhanced from a misdemeanor to a felony" by a former version of section 577.023); *Cullen*, 39 S.W.3d at 900–07 (issues were whether the State could prove the defendant's alleged persistent driving while intoxicated offender status after submission of the case to the jury and whether the State's appeal was barred by the double jeopardy clause).

### b. *State v. Waselewski* and the Plain Language of Sections 577.010 and 577.023 are Instructive

Instead we find that our Court's holding in *State v. Waselewski*, 674 S.W.2d 177 (Mo.App. E.D.1984) and the plain language of sections 577.010 and 577.023 are instructive in this case. In *Waselewski*, the defendant was charged with and convicted of the class D felony of driving while intoxicated under section 577.010 RSMo 1978, which provided that "[d]riving while intoxicated is ... [f]or the third and subsequent offenses, a class D felony." 674 S.W.2d at 178. We rejected the defendant's claim on appeal that his prosecution was barred by the running of the one-year statute of limitations for misdemeanor offenses and held that the three-year statute of limitations for felony offenses applied because the defendant was charged with a felony. *Id.* Like the defendant in *Waselewski*, Horn was charged with a felony based upon his prior driving while intoxicated offenses. Specifically, Horn was charged with the class B felony of driving while intoxicated pursuant to sections 577.010 and 577.023 because of the State's allegations that Horn was a chronic offender who had pled guilty to driving while intoxicated on four previous occasions.

The plain language of sections 577.010 and 577.023 reveal that section 577.023 changes the classification of the underlying charged offense of driving while intoxicated for repeat driving while intoxicated offenders. Section 577.010.2 provides in relevant part that "[d]riving while intoxicated is *for the first offense, a class B misdemeanor*." (emphasis added). However, a person who commits an offense of driving while intoxicated "who is alleged and proved to be *a chronic offender [i.e., a person who has been convicted of four or more intoxication-related traffic offenses] shall be guilty of a class B felony*." Section 577.023.5 (emphasis added); Section 577.023.1(2)(a). In accordance with the plain language of sections

577.010.2 and 577.023, we hold that when a defendant like Horn is charged with having been convicted of four or more prior intoxication-related traffic offenses, the classification of the underlying charged offense for driving while intoxicated is changed from a class B misdemeanor to a class B felony.[5] *See* Notes on Use 3 to MACH–CR 31.02 (1–1–07) (stating that "[t]he class of crime charged [for an offense of driving while intoxicated] is determined by the defendant's prior criminal history, i.e. the number of 'intoxication-related traffic offenses'"); *See also State v. Pembleton,* 978 S.W.2d 352, 356 (Mo. App. E.D.1998) (finding that the commission of driving while intoxicated as a repeat persistent offender is a felony which may support a conviction for felony murder). Therefore, the three-year statute of limitations for felony offenses applies to the charge against Horn.

### 3. Conclusion

Because the complaint against Horn was filed within the three-year statute of limitations for felony offenses, the trial court erred in dismissing the charge against Horn for the class B felony of driving while intoxicated based upon the one-year statute of limitations for misdemeanor offenses. Point granted.

### III. CONCLUSION

The trial court's order dismissing the charge against Horn for the class B felony of driving while intoxicated is reversed and the cause is remanded for proceedings consistent with this opinion.

CLIFFORD H. AHRENS, P.J. and SHERRI B. SULLIVAN, J., concur.

---

5. As a comparison, the plain language of the enhanced sentencing provisions for persistent and dangerous felony offenders found in section 558.016 RSMo Supp.2004 does not change the classification of the underlying offense with which a defendant is charged but instead provides that a person who is found to be a persistent or dangerous offender is subject to the sentence authorized for the next highest classification. *See* Section 558.016.7(2–4) RSMo Supp.2004 (providing that the total authorized maximum terms of imprisonment for a persistent or dangerous offender are: "[f]or a class B felony, any sentence authorized for a class A felony;" "[f]or a class C felony, any sentence authorized for a class B felony;" and "[f]or a class D felony, any sentence authorized for a class C felony").