

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI, )
)
      Appellant, )
)
vs. ) No. SD33055
) Filed: September 23, 2014
WARREN LOVE, )
)
      Respondent, )

### APPEAL FROM THE CIRCUIT COURT OF ST. CLAIR COUNTY

Honorable Garrett R. Crouch, II, Special Judge

**APPEAL DISMISSED**

On August 19, 2012, Warren Love ("Love") was issued a uniform citation charging him with the class B misdemeanor of animal neglect in violation of section 578.009.[1] The state of Missouri ("State") later filed an amended information charging Love with the class A misdemeanor of animal abuse in violation of section 578.012, RSMo Cum.Supp. 2013. Love did not object to the amended information and went to trial on October 24, 2013. Love was found guilty by the trial court. Love then filed a timely "Motion to Set Aside Judgment or for New

---

[1] All statutory references are to RSMo 2000, unless otherwise indicated.

Trial." On November 18, 2013, the trial court set aside its finding of guilty and this appeal by the State followed. Because there is no final judgment, we dismiss the appeal.

"The State may appeal in a criminal case when the right to appeal is expressly conferred by statute and after rendition of a final judgment."[2] *State v. Horn*, 384 S.W.3d 338, 340 (Mo.App. E.D. 2012). Generally, a final judgment disposes of all issues in a case, leaving nothing for future determination. *State v. Burns*, 994 S.W.2d 941, 942 (Mo. banc 1999). Here, the trial court merely set aside the guilty verdict following argument by both sides. After doing so, the trial judge inquired of the attorneys as to how to proceed with the case. After some discussion, with no resolution, the trial judge left the case open for 60 days to allow the State to file a motion to reconsider and for Love to file a reply. After the filings were completed, the trial court took no further action presumably because the State filed its notice of appeal in the interim.

Because the underlying criminal case is still pending, this Court issued a show cause order to the State requesting suggestions as to why the appeal should not be dismissed due to lack of a final judgment. In response, the State contends the trial court found "that the information is insufficient," and thus the right of appeal exists pursuant to section 547.210. However, the trial court never made such a finding.

First, Love never alleged in his post-trial motions that the amended information was insufficient.[3]

Second, the trial judge set aside the guilty verdict because he found the evidence was insufficient. The trial judge found the State proved Love knowingly failed to provide adequate control of his animals, but failed to prove substantial harm to the animals. Finally, even if Love

---

[2] Section 547.200.1 allows certain interlocutory appeals by the State not requiring a final judgment, but none of those are present here.

[3] Love alleged that section 578.012 was *repealed* and, therefore, he could not be convicted of that crime. The trial court dismissed that argument by correctly noting that the statute was not repealed, but amended.

had adequately raised an allegation that the information was insufficient because it charged a different offense, the trial court would have been obliged to deny any relief because Love waived his right to object on that basis by proceeding to trial without objection.[4]  *See **State v. Simpson***, 846 S.W.2d 724, 727-728 (Mo. banc 1993).

Because the trial court failed to enter a judgment of acquittal, failed to convict and sentence on a lesser-included offense, or failed to finalize the case in any other legally permissible way, we find that there is no final judgment to support the appeal.  Consequently, the appeal must be, and is hereby, dismissed.

WILLIAM W. FRANCIS, JR., C.J./P.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – Concurs

DANIEL E. SCOTT, J. – Concurs

---

[4] At the hearing on the motion to set aside and for new trial, Love attempted to make this argument even though it was not contained in his post-trial motions, but the trial court never ruled upon that alleged error.