

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED102827 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Michael D. Burton |
| LARRY WRIGHT, | ) | |
| | ) | |
| Respondent. | ) | Filed:  December 15, 2015 |

### Introduction

The State of Missouri appeals the Circuit Court of St. Louis County's order granting Defendant's motion to dismiss, finding that the State's indictment for possession of child pornography violated the statute of limitations provided in § 556.036.2(1).[1]  In one point, the State argues that possession of child pornography is a continuing course of conduct and, therefore, the statute of limitations does not begin to run until the defendant's possession has terminated, pursuant to § 556.036.4.  We hold that the legislature, in criminalizing the possession of child pornography, intended to prohibit a continuing course of conduct for purposes of § 556.036.4, and therefore we reverse the trial court's decision and remand for further proceedings.

---

[1] All statutory references are to RSMo (Supp. 2009) unless otherwise indicated.

**Factual Background**

On July 8, 2010, Sergeant Kavanaugh of the St. Louis County Police Department was engaged in an authorized internet undercover operation and identified an IP address offering to distribute child pornography. Sergeant Kavanaugh was able to directly connect to the computer and view publicly available files. He saw four files that he believed to be child pornography.

On July 22, 2010, AT&T Internet Services received a subpoena for information on the user of the IP address identified by Sergeant Kavanaugh. AT&T responded to the subpoena on August 5, 2010, and gave Larry Wright's (Defendant) name and address, which were connected to the IP address.

On August 20, 2010, Sergeant Kavanaugh viewed the files originally believed to be child pornography and affirmed his suspicions. The court issued a search warrant on September 23, 2010, and the police recovered various items containing child pornography including computers, thumb drives, CDs, and DVDs.

The State charged Defendant with possession of child pornography on August 28, 2013, almost three years after the police seized the child pornography. Defendant was indicted on October 30, 2013. Defendant subsequently filed a motion to dismiss, arguing that the charges were filed in violation of the period provided in § 556.036.2(1), which provides a three-year statute of limitations for felonies. The trial court sustained Defendant's motion and dismissed the case. The State appeals.

**Standard of Review**

The determination of which statute of limitations applies to a particular offense is a question of law that we review de novo. *State v. Horn*, 38 4S.W.3d 338, 341 (Mo. App. E.D. 2012). "[T]hat determination requires us to engage in statutory interpretation, which is also a

question of law that is reviewed de novo." *Id.* When engaging in statutory interpretation, our goal is "to ascertain the intent of the legislature and give effect to that intent as it is reflected in the plain language of the statute." *Id.*

**Discussion**

In its single point relied on, the State argues that the trial court erred in dismissing the charges against Defendant. Specifically, the State contends that the statute of limitations did not commence until September 23, 2010, when the police executed a search warrant and seized thumb drives, CDs, DVDs, two laptops, three computer towers, personal papers, and cameras from Defendant's home. Defendant counters that the statute of limitations began to run on one of three dates: July 8, 2010, when Sergeant Kavanaugh identified an IP address offering to distribute child pornography; August 5, 2010, when the police learned that the IP address was connected to Defendant; or August 20, 2010, when Sergeant Kavanaugh personally viewed the files.

Section 556.036.2(1) provides that prosecution for any felony must be commenced within three years of the crime. An exception to the general three-year statute of limitations is provided in § 556.036.4, which reads:

> An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the person's complicity therein is terminated. Time starts to run on the day after the offense is committed.

In this case, the State charged Defendant with possession of child pornography. Under § 573.037.1, "[a] person commits the crime of possession of child pornography if such person knowingly or recklessly possesses any child pornography of a minor under the age of eighteen or obscene material portraying what appears to be a minor under the age of eighteen." The State argues that the plain language of the statute exhibits that "the law was not enacted to prohibit a

3

singular act such as acquiring child pornography, but that the legislature intended to prohibit a continuing course of conduct, the possession of child pornography."

## A. *State ex rel. Greufe v. Davis does not control*

Defendant relies on *State ex rel. Greufe v. Davis*, 407 S.W.3d 710 (Mo. App. W.D. 2013), for the proposition that § 556.036.2(1), not the exception for continuing courses of conduct, applies to possession of child pornography. In *Greufe*, the defendant filed a motion to dismiss the charge against him, one count of possession of child pornography, alleging that the prosecution was barred by the statute of limitations in § 556.036.2(1). *Id.* at 711. The State responded that the statute of limitations under § 556.037 RSMo (Supp. 2007) applies to the crime of possession of child pornography. Section 556.037 dictates that "unlawful sexual offenses involving a person eighteen years of age or under must be commenced within thirty years after the victim reaches the age of eighteen." *Id.* at 712. Therefore, the Court considered "whether possession of child pornography constitutes an unlawful 'sexual offense' involving a person eighteen years of age or under." *Id.* The Court concluded that it does not. In so finding, the Court noted that under the possession of child pornography statute, charges can be brought when the image "appears to be a minor" because it is difficult to know the "true identity or date of birth of the child in the photograph or movie." *Id.* As a result, to adopt the statute of limitations for "unlawful sexual offenses involving a person eighteen years of age or under" would result in situations where once the minor depicted in the pornography reached 48-years-old, "no one possessing that image could be prosecuted for the possession of that child pornography." *Id.* at 713. Having concluded that § 556.037 does not apply to the crime of possession of child pornography, the Court granted a Writ of Prohibition enjoining the trial court from proceeding with the defendant's criminal trial except to dismiss the charge. *Id.* at 715.

The present case differs from *Greufe*. As stated previously, the issue in *Greufe* was whether a different statute of limitations for unlawful sexual offenses applies to possession of child pornography; here, the issue is whether the general three-year statute of limitations for felonies is tolled until the possession of child pornography terminates. Additionally, the present case differs factually from *Greufe* because in that case, the police discovered child pornography and seized the computers on the same day, June 9, 2008, but did not file charges until August 9, 2011—three years and two months after the images were recovered. In *Gruefe*, even if the statute of limitations was tolled until the defendant's possession terminated, the State was barred by the statute of limitations from filing charges. In contrast, in Defendant's case, the police discovered the child pornography on July 8, 2010, but did not seize Defendant's computers and thumb drives until September 23, 2010. The State filed charges on August 28, 2013, which is within the three-year statute of limitations if it is tolled until Defendant no longer possesses the child pornography. Because *Greufe* is not instructive on the issue of whether the statute of limitations is tolled in possession of child pornography cases, we must turn to the language of the statute criminalizing the possession of child pornography. *Horn*, 38 4S.W.3d at 341.

### B. Possession of child pornography is a continuing offense.

As noted above, § 556.036.4 provides that for continuing courses of conduct, the statute of limitations begins to run when the conduct is terminated "if a legislative purpose to prohibit a continuing course of conduct *plainly* appears." (Emphasis added). No Missouri case has held that possession of child pornography is a continuing course of conduct for purposes of § 556.036.4. Therefore, as directed by the statute and rules of statutory construction, we must look to the language of § 573.037.1 to determine if the legislature, in criminalizing the possession of child pornography, plainly intended to prohibit a continuing course of conduct.

5

Under § 573.037.1, a person commits possession of child pornography if he knowingly or recklessly "possesses any child pornography." The statute does not define the term "possess" and, in such instances, we may rely on the plain and ordinary meaning of the language used. *State ex rel. Richardson v. Green*, 465 S.W.3d 60, 64 (Mo. banc 2015). "Possess" is defined as, "To have in one's actual control; *to have possession of*." BLACK'S LAW DICTIONARY (10th ed. 2014) (emphasis added). "Possession" in turn, is defined as "the fact of having or holding property in one's power . . . [or] the continuing exercise of a claim to the exclusive use of a material object." *Id.* Notably, the legislature uses the term "possess" in the present tense, which indicates an ongoing, continuing act into the present. It follows that, under the statute's plain terms, the conduct criminalized is the having in one's control child pornography, which conduct by definition is inherently ongoing and continual until such possession terminates. Accordingly, we hold that the legislature's plain intent was to criminalize possession of child pornography as a continuing course of conduct.

Our conclusion finds further support in the principle that the legislature is presumed to know the law when it acts. *State v. Prince*, 311 S.W.3d 327, 334 (Mo. App. W.D. 2010). Crimes of possession are generally recognized in our criminal law as continuing offenses because "[t]he possession is a continuing offense, lasting as long as the act of possession does." WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 6.1(e), n. 46 (2d ed. 2003). This is because possession "[is] not terminated by a single act or circumstance but [is] committed as long as the proscribed conduct continues." *Wright v. Superior Court*, 936 P.2d 101, 103 (Cal. 1997). Accordingly, Missouri and federal courts have held that various crimes of possession are continuing offenses. *See State v. Robinson*, 710 S.W.2d 14, 16 (Mo. App. W.D. 1986) ("possession of the knife . . . is a continuing charge"); *State v. Sampson*, 408 S.W.2d 84, 89

("possession of the amphetamine was a continuing offense"); *U.S. v. Zidell*, 323 F.3d 412, 422 (6th Cir. 2003) ("possession with intent to distribute a controlled substance is a continuing offense"); *U.S. v. Fleischli*, 305 F.3d 643, 658 (7th Cir. 2002) ("Possession of a firearm is a continuing offense which ceases only when the possession stops."). In the same way, possession of child pornography is a continuing offense because it does not cease when the defendant acquires the pornography, but rather when the possession terminates. Thus, by using the term "possesses," and absent any contrary intent, the legislature has indicated an intent to adhere to the principle of criminal law that crimes of possession are continuing offenses.

Defendant argues that possession of child pornography is not a continuing offense, and that such a reading of the statute is "too expansive" because it allows "law enforcement and the prosecuting attorney to toll the statute of limitations indefinitely, or at least until the possession was terminated . . . even after learning of the possession and having evidence of it." Defendant contends that tolling the statute of limitations until possession of child pornography terminates contradicts the policy considerations supporting statutes of limitation, specifically the availability of evidence. This argument is without merit, because generally when a defendant's possession terminates, the evidence is readily available. At that point, the statute of limitations begins to run and one of the policy concerns of the statute of limitations—the availability of evidence—is then triggered. We do not see how our holding does not comport with the policy concerns of the statute of limitations, especially in Defendant's circumstance, where possession terminated and the police seized the evidence on the same day.

Defendant also argues that if possession of child pornography is a continuing course of conduct, "a defendant would not be subject to multiple counts because of the protection of the double jeopardy clause." The Missouri Supreme Court has previously addressed this argument.

As stated previously, the continuing course of conduct terminates when the defendant is no longer in possession of the child pornography. The pornographic images in the defendant's possession until that point are charged and convicted as one count of possession of child pornography. *See State v. Liberty*, 370 S.W.3d 537, 555 (Mo. banc 2012) (holding that multiple convictions of possession of child pornography for multiple images possessed at the same time violated double jeopardy). However, if the defendant were to come into possession of one or more items of child pornography after that charge, a separate conviction would not be barred by double jeopardy. *See State v. Roggenbuck*, 387 S.W.3d 376, 381 (Mo. banc 2012) ("[It] is possible for a defendant to be convicted of multiple counts of possession of child pornography if the [S]tate can show the defendant came into possession of the pornographic materials at different times or from different sources.").

Given the foregoing, we conclude that the possession of child pornography is a continuing course of conduct for purposes of § 556.036.4. Therefore, in the present case, the three-year statute of limitations did not begin to run until September 23, 2010, when law enforcement seized Defendant's computers, thumb drives, and other electronic storage containing the child pornography, and Defendant's possession terminated. The State charged Defendant on August 28, 2013, before the three-year statute of limitations expired on September 23, 2013. Accordingly, the statute of limitations did not bar the State's indictment. The trial court erred in granting Defendant's motion to dismiss.

**Conclusion**

The trial court's order sustaining Defendant's motion to dismiss is reversed. We remand for proceedings consistent with this opinion.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.

9