

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED109848 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Lynne R. Perkins |
| JATONYA S. CLAYBORN-MULDROW, | ) | |
| | ) | |
| Respondent. | ) | Filed: February 22, 2022 |

## Introduction

The State of Missouri appeals the judgment of the 22nd Judicial Circuit Court granting Jatonya S. Clayborn-Muldrow's ("Respondent") motion to dismiss the criminal information filed by the State charging Respondent with tampering with a victim.

The State raises two points on appeal. In Point I, the State argues the trial court erred in granting Respondent's motion to dismiss because it incorrectly held the information was barred by the statute of limitations. In Point II, the State argues the trial court erred in granting Respondent's motion to dismiss because the information filed by the State was factually sufficient. Point I is denied. Because Point I is dispositive, we decline to address Point II on its merits.

## Factual and Procedural Background

Respondent is a police officer employed by the St. Louis Metropolitan Police Department. On March 16, 2021, the State initiated this case by filing an information and probable cause

statement alleging Respondent attempted[1] to tamper with a victim in violation of Mo. Rev. Stat. § 575.270.[2] The information and probable cause statement were amended March 17, 2021. The charging documents alleged these facts. T.L. ("Victim") was the victim of an underlying sexual assault. On March 13, 2020, Respondent asked Victim who perpetrated the assault. Respondent met with Victim on March 15, 2020, when she attempted to dissuade Victim from filing a report against the alleged assailant, also a police officer. Victim reported the alleged assault to the police department on March 16, 2020. Respondent's communications with Victim were apparently unrelated to the investigation into the alleged assault. On March 16, 2020, Respondent arrived at the internal affairs unit while Victim was being interviewed and asked who was conducting the interview. The State did not allege further contact by Respondent with Victim or the investigating officers.

On March 19, 2021, Respondent moved to dismiss the charge as barred by the statute of limitations. The State filed no written response to this motion. On July 27, 2021, after oral arguments on the motion, the trial court took Respondent's motion to dismiss under submission. On July 30, 2021, the trial court entered its judgment finding the charge was barred by the statute of limitations and the State failed to properly make out a charge.

The parties agree there is no transcript of the oral arguments on the motion to dismiss. This appeal follows.

**Standard of Review**

Generally, we review the trial court's ruling on a motion to dismiss a criminal charge for an abuse of discretion. *State v. Metzinger*, 456 S.W.3d 84, 89 (Mo. App. E.D. 2015) (citing *State*

---

[1] It is unclear from the face of the charging instrument whether the State charged Respondent with tampering with a victim or attempted tampering. The State does not dispute the trial court's judgment noting the State clarified to the trial court they intended to charge Respondent with attempted tampering with a victim under § 575.270.

[2] All statutory citations are to RSMo (2020), unless otherwise indicated.

*v. Rodgers*, 396 S.W.3d 398, 400 (Mo. App. W.D. 2013)). Determining which statute of limitations applies to a particular offense is a question of law we review *de novo*. *State v. Wright*, 484 S.W.3d 817, 818 (Mo. App. E.D. 2015) (citing *State v. Horn*, 384 S.W.3d 338, 341 (Mo. App. E.D. 2012)). Whether an information fails to state an offense is a question of law, which we review *de novo*. *Metzinger*, 456 S.W.3d at 89 (citing *State v. Rousseau*, 34 S.W.3d 254, 259 (Mo. App. W.D. 2000)).

## Discussion

### *Point I: The Information was Not Timely Filed*

In Point I, the State argues the trial court erred in granting Respondent's motion to dismiss because the information was timely filed and not barred by the statute of limitations because the State alleged a course of criminal conduct which terminated on March 16, 2020, within a year of the information's filing on March 16, 2021. The State directs us to § 565.002, which defines a "course of conduct" as "a pattern of conduct composed of two or more acts, which may include communication by any means, over a period of time, however short, evidencing a continuity of purpose," excluding constitutionally protected activity. The State argues the crime charged was continuous and the statute of limitations did not begin to run until completion of the last alleged act on March 16, 2021. The State also argues the information was timely filed because Respondent was a public officer when the alleged conduct occurred, which extends the permissible time period in which to bring charges.[3]

---

[3] The State's point relied on raises several issues for our review. Distinct claims of error should be raised in separate points. Collapsing disparate contentions of error into a single point relied on violates Rule 84.04(d). *Cooper v. Bluff City Mobile Home Sales, Inc*., 78 S.W.3d 157, 167 (Mo. App. S.D. 2002). Points containing multiple issues are multifarious and preserve nothing for appellate review. *City of Joplin v. Wallace Bajjali Development Partners, L.P*., 522 S.W.3d 327, 330 (Mo. App. S.D. 2017). In addition, the State's argument regarding the public officer exception is not included in the point relied on. We have the discretion to review non-compliant briefs *ex gratia* where the argument is readily understandable. *Scott v. King*, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017) (citing *Null v. New Haven Care Ctr., Inc*., 425 S.W.3d 172, 177–78 (Mo. App. E.D. 2014)). We cautiously exercise this discretion because

Respondent argues the trial court properly found the State failed to charge her within one year as mandated by § 556.036. Respondent argues the applicable statute of limitations bars charging a defendant under § 575.270 more than one year after the commission of the alleged act, and the permissible time period ended on March 15, 2021, one year after Respondent's lunch meeting with Victim and one day before the State filing the information. Respondent points to the judgment, which provides the State stipulated the criminal action is alleged to have occurred only on March 15, 2020. Respondent argues her conduct on March 16, 2020 does not extend the permissible time period in which she can be charged because attempted victim tampering is not a continuous crime.

Respondent contends an extended statute of limitations under the public officer exception is not available to the State because the State failed to file a written response to the motion and failed to argue the exception applied before the trial court. Respondent cites *State v. Cotton* to argue a defendant must raise an applicable statute of limitations as an affirmative defense, which enables the prosecution to argue an exception applies. 295 S.W.3d 487, 492 (Mo. App. E.D. 2009). Respondent argues the prosecution must therefore raise the exception or it waives the argument.

### 1. One-Year Statute of Limitations

Section 556.036 imposes time limitations on prosecution for crimes other than those enumerated in subsection one (e.g., murder and first-degree rape), for which there is no time limitation under the section. The State charged Respondent under § 575.270, a Class A misdemeanor offense not enumerated in subsection one. Unless an exception applies, this crime must be charged within a year of its commission. § 556.036.2(2); *Barber v. State*, 609 S.W.3d 795, 804 (Mo. App. W.D. 2020), reh'g and/or transfer denied (Aug. 27, 2020), transfer denied (Nov.

---

each time we review a noncompliant brief *ex gratia*, we send an implicit message that substandard briefing is acceptable. It is not. *Scott*, 510 S.W.3d at 892.

24, 2020). A misdemeanor prosecution commences once an information is filed. *State v. Thompson*, 810 S.W.2d 85, 85 (Mo. App. E.D. 1991). Alleged conduct occurring more than a year before the Stated filed the information is therefore barred by the statute of limitations. *State v. Myers*, 989 S.W. 2d 594, 599 (Mo. App. E.D. 1999). The State filed the initial information on March 16, 2021. Therefore, absent an exception, only crimes occurring on or after March 16, 2020, were the proper subject of Respondent's prosecution. *Id.*

We are unpersuaded by the State's argument Respondent was timely charged with a continuing offense, which would allow a March 16, 2021 information to allege conduct occurring before March 16, 2020 without violating the one-year statute of limitations. An offense is continuing only if the legislature plainly intended to prohibit a continuing course of conduct. *Wright*, 484 S.W.3d at 820. We make this determination based on the plain language of the criminal statute. *State ex rel. Richardson v. Green,* 465 S.W.3d 60, 64 (Mo. banc 2015).

Section 575.270 displays no plain intent to criminalize a course of conduct. The charged crime is accomplished when a person "purposely prevents or dissuades or attempts to prevent or dissuade" a victim from reporting the victimization to an official. § 575.270.2(a). Unlike possession, which is by necessity a continuing offense, victim tampering can be accomplished by a single act. *Wright*, 484 S.W.3d at 820. Continuous course of conduct crimes, such as false imprisonment, bigamy, and operating a house of prostitution, differ from crimes immediately accomplished, such as striking someone. *State v. Lucy*, 439 S.W.3d 284, 291 (Mo. App. E.D. 2014) (citing *State v. Gray*, 347 S.W.3d 490, 507 (Mo. App. E.D. 2011)). Embezzlement, which ordinarily consists of individually-chargeable actions, may be charged as a continuing crime where the accused is in continuous receipt of different sums of money at different times which in the aggregate constitutes the total amount charged in the indictment. *Tucker v. Kaiser*, 176 S.W.2d

5

622, 625 (Mo. banc 1944). Tampering with a victim bears little resemblance to these examples of continuing offenses, particularly here, where the only criminal action of attempting to dissuade the alleged victim from reporting the alleged victimization occurred in a single occurrence on a single date. The State's position regarding a continuing course of criminal conduct is meritless.

The trial court's judgment provides the State stipulated "the alleged criminal activity" occurred during Respondent's lunch with the alleged victim on March 15, 2020. Without a transcript of the motion argument we have no way of knowing if this stipulation occurred, but we have no reason to doubt the trial court's finding. Whether this stipulation occurred does not affect our conclusion because our analysis is confined to the four corners of the charging document.

The fundamental test of the sufficiency of an information is whether it states the essential elements of the offense charged. *State v. Wright*, 431 S.W.3d 526, 533 (Mo. App. W.D. 2014) (citing *State v. Miller*, 372 S.W.3d 455, 467 (Mo. banc 2012)). A conviction for attempted tampering with a victim under § 575.270.2 requires a defendant attempt "to prevent or dissuade any person who has been a victim of any crime" from making a report, seeking prosecution, or seeking an arrest in connection with the crime. The alleged events of March 15, 2020 are time-barred and the facts in the information allege no punishable act occurred subsequently. On March 16, 2020, Respondent merely arrived at the internal affairs unit and inquired into who was conducting questioning. The charging documents do not allege the Respondent spoke with the Victim on March 16, 2020 or that Victim was aware of Respondent's presence on March 16, 2020.

The State claimed at oral argument the alleged intent to tamper with Victim coupled with arriving at internal affairs where questioning took place constituted attempted tampering under § 575.270.2. The State conflates intent with the "attempt" prohibited by the statute. An attempt is an intent to do an illegal act coupled with an overt act towards the commission of the crime,

6

sufficient both in magnitude and in proximity to the crime, excluding actions trivial and small. *State v. Brown*, 542 S.W.2d 789, 792 (Mo. App. S.D. 1976) (citing *State v. Thomas*, 438 S.W.2d 441, 446 (Mo. 1969)). At oral argument the State could not describe any action in furtherance of a criminal attempt to *dissuade the Victim* from reporting a crime on March 16, 2020, and acknowledged the conduct on this date determines whether the statute of limitations bars this prosecution.

In reviewing the sufficiency of an information, we may consider whether the alleged facts actually constitute a crime under the charged statute. *See State v. Kline*, 717 S.W.2d 849, 852 (Mo. App. E.D. 1986). Without more, the March 16, 2020 facts in the information do not rise to criminal behavior under the statute charged by the State. *See State v. Fernow,* 328 S.W.3d 429, 431 (Mo. App. S.D. 2010) (motion to dismiss properly sustained where information alleged Defendant broke law forbidding fleeing from custody by escaping courthouse, despite defendant not being in custody when he fled).

Because the only alleged criminal conduct occurred on March 15, 2020, which is time-barred by the statute of limitations, the trial court did not err in granting Respondent's motion to dismiss.

### 2. Public Officer Exception

Section 556.036.3(2) provides the statute of limitations may be extended for an additional two years where the charge is "based upon misconduct in office by a public officer or employee at any time when the person is in public office or employment[.]" We decline to answer whether this exception *could* have extended the statute of limitations for several reasons.

First, allegations of error not raised in the point relied on are waived and need not be considered. Rule 84.04(e);[4] *U.S. Bank Nat'l Ass'n v. Christensen*, 541 S.W.3d 16, 20 (Mo. App. E.D. 2018). The State's point relied on does not raise the public officer exception. It only asserts the trial court erred in dismissing the information because the information charged a criminal course of conduct that terminated within one year before the date of the charge's filing.

Second, Rule 84.04(e) also requires an appellant demonstrate how an issue was preserved for our review and provide the applicable standard of review. *Wynn v. BNSF Ry. Co.*, 588 S.W.3d 907, 912 (Mo. App. W.D. 2019). Nowhere in its brief does the State explain how it has preserved its argument regarding the public officer exception for our review.

Last, and most important, the State has failed to provide a record of the oral argument proceedings on the motion to dismiss. Having the burden of demonstrating error in a criminal case, it is an appellant's obligation to prepare and file a transcript incorporating the proceedings showing the trial court erred. *State v. Cella*, 32 S.W.3d 114, 117 (Mo. banc 2000) (citing *State v. Cleveland*, 627 S.W.2d 600, 601 (Mo. 1982)). Without a transcript of the argument on the motion to dismiss the State cannot establish it preserved this argument for our review. As the State acknowledged at oral argument, only issues raised in the documentary record have been preserved for our review. Nothing in the record before us references the public officer exception. We will not convict a trial court of error not before it. *Sanders v. City of Columbia*, 602 S.W.3d 288, 298 (Mo. App. W.D. 2020) (citing *McMahan v. Mo. Dep't of Soc. Servs., Div. of Child Support Enf't*, 980 S.W.2d 120, 126 (Mo. App. E.D. 1998)); *See also State v. Steidley,* 533 S.W.3d 762, 773 (Mo. App. W.D. 2017). Without a complete record we cannot determine what was before the trial court. We cannot consider matters not preserved on the record and contained in an approved transcript. *Bank of New*

---

[4] All rule citations are to the Missouri Supreme Court Rules (2021), unless otherwise indicated.

*York Mellon Tr. Co., N.A. v. Jackson*, 484 S.W.3d 814, 816 (Mo. App. W.D. 2015). Without a meaningful transcript preserving this issue there is nothing for us to decide. *Id.* (citing *Reno v. Reno*, 461 S.W.3d 860, 865 (Mo. App. W.D. 2015)); *See also Poke v. Mathis*, 461 S.W.3d 40, 43 (Mo. App. E.D. 2015).

Point I is denied.

### *Point II: Requirement of an Underlying Charge for Victim Tampering*

In Point II, the State argues the trial court erred in holding the information was factually insufficient. The State cites *State ex rel. Seals v. Holden* to argue no associated predicate charge was required to charge Respondent with tampering with the victim of a crime under § 575.270. 579 S.W.3d 235 (Mo. App. W.D. 2019). The State argues *State v. Owens*, an earlier case relied on by the trial court and Respondent, is distinguishable because it merely held a person cannot be convicted under § 575.270 where the underlying prosecution of the alleged predicate crime resulted in an *acquittal.* 270 S.W.3d 533 (Mo. App. W.D. 2008). The State argues the trial court made the same error in relying on *State v. Baldwin*, 507 S.W.3d 173 (Mo. App. W.D. 2017). Here, the State argues, there was no adjudication of the predicate crime resulting in an inconsistent verdict and the predicate crime can be proven as an element of the charged crime of tampering with a victim at trial. *Seals*, 579 S.W.3d at 240.

Respondent argues the object of victim tampering must be a victim of an underlying crime, and the State's failure to prosecute a predicate crime suggests the State could not prove the predicate crime occurred. *State v. Dooley*, 851 S.W.2d 683 (Mo. App. E.D. 1993). Respondent argues if the State believes she should have known she was interacting with the victim of a crime, the State should have charged that crime.

Because Point I is dispositive, we decline to address the merits of Point II.

## Conclusion

For the reasons stated above, we affirm.

_____
Philip M. Hess, Presiding Judge

Angela T. Quigless, Judge and
Colleen Dolan, Judge concur.