**STATE of Missouri, Plaintiff–Appellant,**

v.

**James Douglas STORER, Defendant–Respondent.**

**No. SD 31303.**

Missouri Court of Appeals,
Southern District,
Division One.

April 25, 2012.

Motion for Rehearing and Transfer
Denied May 15, 2012.

Application for Transfer
Denied July 3, 2012.

Chris Koster, Attorney General, and James B. Farnsworth, Assistant Attorney General, Jefferson City, MO, for appellant.

Karie Comstock, District Public Defender, Lebanon, MO, for respondent.

GARY W. LYNCH, Judge.

The State appeals the trial court's order dismissing with prejudice a felony information filed against James Douglas Storer ("Defendant"), urging that the dismissal was improper under a constitutional jeopardy analysis based upon the Fifth Amendment of the United States Constitution and article I, section 19, of the Missouri Constitution. This Court declines to engage in such an analysis because regardless of whether the dismissal was constitutionally proper, which would be a question of first impression in this state, it was nevertheless statutorily proper under section 56.087 and is therefore affirmed.[1]

### Factual and Procedural Background

Previously, in another case, Defendant was charged with three counts of statutory sodomy in the first degree and one count of forcible sodomy, all involving the same minor victim. That case was tried before and submitted to a jury in February 2009.

After several hours of deliberation, the jury was not able to reach a verdict, and the trial court declared a mistrial.

Fourteen days later, the State entered a *nolle prosequi* of all four counts; before doing so, the State notified Defendant of its intent to subsequently re-file the charges. Defendant, however, never consented to having the case dismissed without prejudice. No leave of court was sought by the State or granted by the trial court. Thereafter, the State initiated this case by filing an information against Defendant, in which the first four counts mirrored the four counts in the prior case, and joined two additional counts involving sexual offenses against a different minor victim.

Defendant filed a motion to dismiss the first four counts, arguing that to allow the State to re-litigate those charges would constitute double jeopardy as prohibited by the Fifth Amendment of the United States Constitution and article I, section 19, of the Missouri Constitution. After a hearing on Defendant's motion, the trial court entered an order in favor of Defendant, dismissing with prejudice the first four counts of the information. The two additional counts pertaining to the new victim were later dismissed by the State following the dismissal of its first attempted appeal in this case. *See State v. Storer,* 324 S.W.3d 765, 767 (Mo.App.2010). The State now appeals the trial court's dismissal with prejudice of the first four counts.

### Discussion

In its sole point on appeal, the State contends that

[t]he trial court erred in dismissing the first four counts included in the information against Defendant because proceed-

---

1. All references to section 56.087 are to RSMo Cum.Supp.2006.

ing with those four counts would not have violated Defendant's right to be free from double jeopardy in that Defendant's first trial ended in a hung jury, not an acquittal, and the prosecutor's subsequent dismissal and immediate refiling of the charges was not the functional equivalent of an acquittal.

In its argument under this point, however, the State concedes that section 56.087, first enacted in 2006, may provide statutory direction as to whether the State's dismissal of these four charges after the jury trial was with or without prejudice. The difficulty presented by both the State's and Defendant's briefs and arguments on this point is that they conflate a constitutional double-jeopardy analysis with a statutory construction analysis of section 56.087. The latter is dispositive of this appeal and eliminates the need to engage in the former.

Section 56.087 provides, in pertinent part,

2. . . . . A dismissal filed by the prosecuting or circuit attorney after double jeopardy has attached is with prejudice, unless the criminal defendant has consented to having the case dismissed without prejudice.

3. . . . . A dismissal with prejudice means that the prosecutor or circuit attorney cannot refile the case.

4. For the purposes of this section, double jeopardy attaches in a jury trial when the jury has been impaneled and sworn . . . .

The State contends that "this Court should refuse to apply section 56.087 to bar the retrial of Defendant[.]" The State argues that "[i]t is not clear . . . that the statute was *intended* to apply to circumstances where the original, otherwise-complete trial ended in mistrial due to a hung jury." (Emphasis added).

■ " 'Statutory interpretation is an issue of law which this court reviews de novo.' " *State v. Lewis,* 188 S.W.3d 483, 486 (Mo.App.2006) (quoting *State ex rel. Nixon v. Premium Standard Farms, Inc.,* 100 S.W.3d 157, 161 (Mo.App.2003)). "Courts apply certain guidelines to interpretation, sometimes called rules or canons of statutory construction, when the meaning is unclear or there is more than one possible interpretation." *State v. Rowe,* 63 S.W.3d 647, 649 (Mo. banc 2002). When the words are clear, however, there is nothing to construe beyond applying the plain meaning of the law. *Id.* (citing *State ex rel. Mo. Pac. R.R. v. Koehr,* 853 S.W.2d 925, 926 (Mo. banc 1993)).

Words employed in a statute are given their usual and ordinary meaning unless the legislature itself has defined a particular term or phrase. The statutory definition should be followed in the interpretation of the statute to which it relates and is intended to apply and supersedes the commonly accepted dictionary or judicial definition and is binding on the courts.

*State v. Harris,* 156 S.W.3d 817, 822 (Mo. App.2005) (quoting *State ex rel. Nixon v. Estes,* 108 S.W.3d 795, 798 (Mo.App.2003)).

■ "In interpreting a statute, we are to ascertain the intent of the legislature." *Harris,* 156 S.W.3d at 822. Such intent, however, can only be derived from the words of the statute itself. *Rowe,* 63 S.W.3d at 650 (citing *Spradlin v. City of Fulton,* 982 S.W.2d 255, 258 (Mo. banc 1998)). "Courts do not have the authority to read into a statute a legislative intent that is contrary to its plain and ordinary meaning." *Id.* (citing *Kearney Special Rd. Dist. v. County of Clay,* 863 S.W.2d 841, 842 (Mo. banc 1993)).

■ Subsection 4 of section 56.087 expressly provides that "double jeopardy

attaches" for the purpose of this statute "when the jury has been impaneled and sworn." Applying that definition yields the clear result that a dismissal filed *after* the jury has been impaneled and sworn is with prejudice unless the "defendant has consented to having the case dismissed without prejudice." *See* sections 56.087.2 and 56.087.4. "A dismissal with prejudice means that the prosecutor or circuit attorney cannot refile the case." Section 56.087.3. Therefore, the application of the clear and plain language of section 56.087 to the facts of this case—in which Defendant did not consent to a dismissal without prejudice—dictates that the State's dismissal of the four charges after the first jury was impaneled and sworn was with prejudice and that such dismissal served as a bar to the case being re-filed.

■ Contrary to this application of the clear words of the statute, the explicit statutory definition of when "[f]or the purposes of this section ... double jeopardy attaches" and the legislative intent expressed thereby, the State urges this Court to superimpose a contrary intent from case law related to the dismissal and re-filing of a case after jeopardy has attached under the Fifth Amendment of the United States Constitution and article I, section 19, of the Missouri Constitution. The explicit statutory definition as to when "double jeopardy attaches" for the purposes of section 56.087, however, precludes this Court from looking to or applying other judicial definitions in order to interpret the statute or find a different legislative intent. *Harris,* 156 S.W.3d at 822. This Court is bound to follow the clear definition found in section 56.087, *id.,* and apply the clear words of the statute, *Rowe,* 63 S.W.3d at 649.

Because section 56.087 provided a statutory bar to the re-filing of this case, the trial court did not commit any error in dismissing it with prejudice. Being statutorily barred, we need not reach or address the State's point that the re-filing of the case was not constitutionally barred by the Fifth Amendment of the United States Constitution or article I, section 19, of the Missouri Constitution. The State's point is denied.

### Decision

The trial court's order dismissing the case with prejudice is affirmed.

BURRELL, P.J., and RAHMEYER, J., concur.