**STATE of Missouri, Appellant,**

v.

**Jeffrey Luke MOAD, Respondent.**

**No. WD 75652.**

Missouri Court of Appeals, Western District.

April 23, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 28, 2013.

Mark A. Richardson, Prosecuting Attorney, Cheryl C. Nield, Assistant Prosecuting Attorney, Jefferson City, MO, for Appellant.

Douglas W. Hennon and Jason H. Ludwig, Jefferson City, MO, for Respondent.

Before Division I: GARY D. WITT, Presiding Judge, and THOMAS H. NEWTON and MARK D. PFEIFFER, Judges.

MARK D. PFEIFFER, Judge.

The State of Missouri ("State") appeals from the judgment of the Circuit Court of Cole County, Missouri ("trial court"), dismissing with prejudice the involuntary manslaughter charge against Jeffrey Luke Moad ("Moad"). We affirm.

### Facts and Procedural History [1]

■ On February 14, 2006, Moad and Katie Winfrey were the sole occupants of a car that crashed, killing Ms. Winfrey. As a result of this accident, on January 23, 2007, a grand jury indicted Moad for involuntary manslaughter. Thereafter, the State filed an amended information in lieu of indictment. A jury was impaneled and sworn, and the case was tried and submitted to the jury on February 28, 2008. Due to a hung jury, no verdict was reached, and the trial court declared a mistrial. A jury trial was rescheduled for September 8, 2010. On August 30, 2010, the prosecutor dismissed the case [2] *nolle prosequi*.[3] It is undisputed that Moad did not consent to having the case dismissed "without prejudice."

On September 28, 2010, Moad was re-indicted by a grand jury on the same charge of involuntary manslaughter. On August 7, 2012, Moad filed a motion to dismiss pursuant to section 56.087,[4] citing *State v. Storer*, 368 S.W.3d 293 (Mo.App. S.D.2012). Moad argued that without his consent to the dismissal, the *nolle prosequi*

filed by the State was rendered a dismissal *with prejudice*, which barred the refiling of charges. The trial court agreed and entered its judgment on September 14, 2012, dismissing the charges against Moad with prejudice. The State appeals.

### Standard of Review

The State contends that section 56.087 should not be interpreted to bar retrial on charges following a mistrial due to a hung jury. The State's claim requires us to interpret section 56.087. Statutory interpretation is a question of law that we review *de novo*. *State v. Downing*, 359 S.W.3d 69, 70 (Mo.App. W.D.2011). When the words of the statute are clear, we apply their plain meaning. *Storer*, 368 S.W.3d at 295.

### Analysis

Section 56.087 is clearly worded and the import of its plain meaning is obvious:

1. The prosecuting or circuit attorney has the power, in his or her discretion, to dismiss a complaint, information, or indictment, or any count or counts thereof, and in order to exercise that power it is not necessary for the prosecutor or circuit attorney to obtain the consent of the court. The dismissal may be made orally by the prosecuting or circuit attorney in open court, or by a written statement of the dismissal signed by the prosecuting or circuit attorney and filed with the clerk of court.

---

1. Additional facts may be found in this court's prior decision in this criminal case: *State v. Moad*, 294 S.W.3d 83, 85 (Mo.App. W.D. 2009).

2. Consistent with the Prosecutor's similar statements at oral argument, the trial court noted below that "[t]he Prosecutor unabashedly admits that he is 'judge-shopping'" after receiving unfavorable pre-trial rulings from the judge that was assigned to the rescheduled trial date of September 8, 2010.

3. "A *nolle prosequi* is a prosecutor's formal entry on the record indicating that he or she will no longer prosecute a pending criminal charge." *State v. Clinch*, 335 S.W.3d 579, 583 (Mo.App. W.D.2011) (internal quotation omitted).

4. All statutory references are to the 2012 Cumulative Supplement to the Revised Statutes of Missouri.

2. A dismissal filed by the prosecuting or circuit attorney prior to the time double jeopardy has attached is without prejudice. A dismissal filed by the prosecuting or circuit attorney after double jeopardy has attached is with prejudice, *unless the criminal defendant has consented to having the case dismissed without prejudice.*

3. A dismissal without prejudice means that the prosecutor or circuit attorney has complete discretion to refile the case, as long as it is refiled within the time specified by the applicable statute of limitations. *A dismissal with prejudice means that the prosecutor or circuit attorney cannot refile the case.*

4. *For the purposes of this section, double jeopardy attaches in a jury trial when the jury has been impaneled and sworn.* It attaches in a court-tried case when the court begins to hear evidence.

§ 56.087 (emphasis added).

 In its sole point on appeal, the State argues that, in *Storer,* the Southern District of this court misinterpreted section 56.087 to enlarge the scope of the constitutional protection against double jeopardy. The State then proceeds to provide argument and case precedent on the topic of mistrials due to hung juries and the corresponding impact on the attachment of jeopardy. In doing so, however, the State ignores this state's statutory mandates of section 56.087 and the principle that " '[s]tates are free to provide greater protections in their criminal justice system *than the Federal Constitution requires.*' " *State v. Whitfield,* 107 S.W.3d 253, 267 (Mo. banc 2003) (quoting *Califor-*

*nia v. Ramos,* 463 U.S. 992, 1014, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983)). We agree with our colleagues from the Southern District of this court that this is precisely what our state's legislature has done through its enactment of section 56.087.

Subsection 4 of section 56.087 expressly provides that "[f]or the purposes of this section, double jeopardy attaches in a jury trial when the jury has been impaneled and sworn." A dismissal filed by the prosecutor after the jury has been impaneled and sworn—that is, after double jeopardy has attached pursuant to the statute—is with prejudice, "unless the criminal defendant has consented to having the case dismissed without prejudice." § 56.087.2. "A dismissal with prejudice means that the prosecutor ... cannot refile the case." § 56.087.3.

In this case, Moad did not consent to a dismissal without prejudice.[5] Therefore, the State's dismissal of the charge after the first jury was impaneled and sworn—even though that sworn jury was unable to reach a verdict—was with prejudice for the purposes of section 56.087, and such dismissal barred the case from being refilled. Because section 56.087 is a statutory bar to the refiling of this case, we need not and do not address the State's constitutional double jeopardy argument.

Point denied.

### Conclusion

The trial court's judgment dismissing the case with prejudice is affirmed.

GARY D. WITT, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.

---

**5.** We note that there was nothing *requiring* the State to dismiss the charges against Moad two and one-half years after the 2008 mistrial and one week before the rescheduled trial in 2010, particularly in the face of the dictates of section 56.087.