NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| LEWIS JORDAN JR., | Court of Appeals No. A-12004 |
| Appellant, | Trial Court No. 3AN-12-3068 CR |
| v. | |
| | O P I N I O N |
| STATE OF ALASKA, | |
| Appellee. | No. 2570 — September 29, 2017 |

Appeal from the Superior Court, Third Judicial District, Anchorage, Larry D. Card, Judge.

Appearances: Megan M. Rowe, Denali Law Group, P.C., Anchorage, and Michael Barber, Barber Legal Services, Boston, Massachusetts, under contract with the Office of Public Advocacy, Anchorage, for the Appellant. Eric A. Ringsmuth, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Coats, Senior Judge.[*]

Senior Judge COATS.

---

[*] Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

Lewis Jordan Jr. was charged with various counts of assault and controlled substance misconduct. At the close of the State's case-in-chief at Jordan's trial, the prosecutor announced that the State wished to dismiss one of the assault charges with prejudice (because the State was unable to locate two crucial witnesses). Jordan's attorney stated that he did not oppose the State's dismissal of the charge, and the charge was dismissed.

Jordan now argues that it was plain error for the judge to allow the State to dismiss this assault charge without Jordan's personal consent, and he claims that this error prejudiced him because it affected the jury's deliberations on the remaining charges.

For the reasons explained in this opinion, we conclude that a defendant's personal consent is not required when the State dismisses a charge with prejudice. The trial judge committed no error, and we therefore affirm Jordan's convictions.

*Background facts and proceedings*

Anchorage police officers arrested Jordan for assaulting a woman, P.S. In the course of the arrest and the ensuing pat-down search of Jordan's person, the officers discovered drugs. When the police found the drugs, Jordan became agitated and he started fighting with the officers. The officers wrestled with Jordan for several minutes before they were able to restrain him.

Based on this episode, Jordan was charged with several crimes, including one charge of fourth-degree assault against P.S., based on the events that took place before the officers arrived.[1]

---

[1] The other charges were fourth-degree controlled substance misconduct (former AS 11.71.040(a)(3)(A)) (pre-2016 version); fourth-degree assault (AS 11.41.230(a)(1));

(continued...)

At the close of the State's case-in-chief, the prosecutor announced that the State intended to dismiss the assault charge involving P.S. because the State had been unable to locate the two witnesses it needed to prove this charge:

> *Prosecutor*: Your Honor, the State is prepared to rest its case. But before doing so, I'd like to explain that we were unable to locate [a witness at the apartment building] although [we served him with a] subpoena. We were [also unable] to locate [P.S.] Based on that, the State will dismiss Count III, assault in the fourth degree against [P.S.]
>
> *The Court*: That is Count III. Any objection?
>
> *Defense Attorney*: No objection, Your Honor.
>
> *The Court*: Thank you. It'll be dismissed. With prejudice?
>
> *Prosecutor*: [Yes], Judge.

Jordan's trial continued, and the jury found him guilty of all the remaining charges — *i.e.*, the drug charge and the charges based on Jordan's fight with the officers.

*Why we conclude that Jordan did not have to personally consent to the State's dismissal of the assault charge with prejudice*

Jordan argues that the superior court committed plain error when it allowed the State to dismiss the assault charge involving P.S. without obtaining Jordan's personal

---

[1] (...continued)
resisting or interfering with an arrest (AS l 1.56.700(a)(1)); and violating the conditions of release (former AS 11.56.757(b)(2)) (pre-2016 version).

consent.[2]  According to Jordan, Alaska Criminal Rule 43(a)(1) requires a defendant's personal consent whenever the State wishes to dismiss a charge after the defendant's trial has begun.

Criminal Rule 43(a)(1) declares:

> The prosecuting attorney may file a dismissal of an indictment, information or complaint[,] and the prosecution shall thereupon terminate.  Such a dismissal shall not be filed during the trial without the consent of the defendant.

Jordan argues that, because the dismissal of the assault charge occurred in the middle of his trial, the dismissal could not occur "without the consent of the defendant" — which Jordan interprets to mean his *personal* consent rather than the consent of his defense attorney.

But our research shows that Criminal Rule 43(a)(1) is addressed to dismissals *without prejudice* — that is, dismissals that leave the State free to reprosecute the charge.

Alaska's Criminal Rule 43(a) is drawn from the corresponding federal rule, Federal Criminal Rule 48(a).  That federal rule provides:

> The government may, with leave of court, dismiss an indictment, information, or complaint.  The government may not dismiss the prosecution during trial without the defendant's consent.

---

[2]  *See Adams v. State*, 261 P.3d 758, 764 (Alaska 2011) (to establish plain error, the defendant must show that the error "(1) was not the result of intelligent waiver or a tactical decision not to object; (2) was obvious; (3) affected substantial rights; and (4) was prejudicial").

As explained in Wright and Henning's *Federal Practice and Procedure*, even though Federal Criminal Rule 48(a) seemingly applies to any dismissal of a criminal charge, the rule is actually addressed solely to instances where the government files a notice of *nolle prosequi* — *i.e.*, a dismissal without prejudice.[3] The purpose of the second sentence of Federal Criminal Rule 48(a), which requires the defendant's consent to any mid-trial *nolle prosequi*, is to protect the defendant against double jeopardy and to prevent the government from engaging in the harassing tactic of charging the defendant, dismissing the charge, and then re-filing the charge.[4]

Under federal case law, if a court erroneously allows the government to *nolle prosequi* a criminal charge without the defendant's consent after the jury is sworn at the defendant's trial, the remedy is to convert the dismissal into a dismissal with prejudice.[5] This latter type of dismissal does not require the defendant's consent because the government is barred from reviving the charge.

We interpret Alaska Criminal Rule 43(a) as codifying the same principle as the federal rule. That is, Criminal Rule 43(a) bars the State from dismissing a charge *without prejudice* after the jury has been sworn at the defendant's trial unless the defendant consents.

In Jordan's case, the prosecutor was not trying to *nolle prosequi* the assault charge involving P.S. — *i.e.*, not trying to dismiss the charge in such a way as to leave

---

[3]    Charles Alan Wright and Peter J. Henning, Federal Practice and Procedure: Criminal (4th ed. 2013), § 801, Vol. 3B, pp. 324-29; *see* Advisory Committee Notes to Fed. R. Crim. P. 48(a); *Spriggs v. United States*, 225 F.2d 865, 867-68 (9th Cir. 1955).

[4]    *See Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977).

[5]    *See State v. Storer*, 368 S.W.3d 293, 296 (Mo. App. 2012) (if the defendant does not consent to a dismissal without prejudice during trial, then the remedy is that the charge is dismissed with prejudice).

the State free to pursue the charge later. Rather, the prosecutor announced that the State would dismiss this charge with prejudice. In other words, there was no possibility that Jordan could be tried and convicted of this charge later.

Criminal Rule 43(a) does not require the defendant's consent in this circumstance. We therefore find no error in the trial court's handling of this matter.

Because we hold that Criminal Rule 43(a) does not apply to dismissals with prejudice, we need not decide whether the rule requires a defendant's personal consent (as opposed to their attorney's consent) when the State wishes to *nolle prosequi* a charge after the jury has been sworn.

*Conclusion*

We AFFIRM the judgment of the superior court.