

# Missouri Court of Appeals
## Southern District
### Division Two

STATE OF MISSOURI ex rel.   )
FELIX M. SEALS,      )
             )
     Relator,   )
             )
  vs.        )  No. SD35902
             )  Filed:  May 1, 2019
THE HONORABLE CALVIN HOLDEN, )
THIRTY-FIRST JUDICIAL CIRCUIT, )
GREENE COUNTY, MISSOURI,  )
             )
     Respondent.  )

## ORIGINAL PROCEEDING IN PROHIBITION

### PRELIMINARY WRIT QUASHED

Felix M. Seals ("Seals") seeks a writ of prohibition or mandamus commanding the Honorable Calvin Holden ("the trial court") to sustain his motion to dismiss with prejudice Counts I and II, as charged by the second amended felony information, and prohibiting the trial court from conducting any further court proceedings in this matter.  This Court issued a preliminary writ of prohibition, and the Greene County Prosecutor's Office filed an answer on behalf of the trial court.  For reasons stated below, we now quash the preliminary writ.

**Factual and Procedural History**

On May 31, 2014, the State of Missouri ("the State") filed an amended felony information charging Seals with the class C felony of domestic assault in the second degree[1] (Count I), for events occurring on March 12, 2013; the class D felony of domestic assault in the third degree[2] (Count II), for events occurring on February 6, 2013; and the class C felony of attempted victim tampering[3] (Count III), for events occurring between March 16, 2013 and April 26, 2013.

On August 6, 2014, a jury trial commenced wherein the jury found Seals guilty of all three counts.[4]

On direct appeal, Seals asserted the trial court: (1) abused its discretion in admitting evidence of an uncharged assault on the victim; and (2) plainly erred in failing to instruct the jury regarding self-defense for the charge of second-degree domestic assault (Count I).

On February 17, 2016, this Court issued its opinion reversing and remanding for a new trial as to Count I due to instructional error, but affirming as to Counts II and III. *State v. Seals*, 487 S.W.3d 18 (Mo.App. S.D. 2016).

On March 23, 2016, in a letter to the trial court, the State dismissed Count I:

> On March 7, 2016, the Court of Appeals issued a mandate in SD33621-1. [Seals'] conviction on Count I, Domestic Assault in the Second Degree, was reversed and remanded for a new trial. In the interest of judicial economy the State dismisses Count I.

---

[1] Section 565.073, RSMo Cum.Supp. (2012).

[2] Section 565.074, RSMo Cum.Supp. (2012).

[3] Section 575.270, RSMo Cum.Supp. (2005).

[4] Seals was sentenced, as a prior and persistent offender, to 10 years in prison on Count I, 7 years in prison on Count II, and 5 years in prison on Count III, with the sentences to run concurrent with each other and any other existing sentences.

On July 18, 2016, Seals filed an amended Rule 29.15[5] post-conviction relief motion. Seals asserted, in part, that appellate counsel was ineffective for failing to include in Seals' direct appeal brief that in the event the trial court reversed the second-degree domestic assault charge (Count I), it must also reverse the victim tampering charge (Count III). Seals argued:

> If [Seals] acted in self-defense as to Count I, then he was not guilty of that offense and there was no victim with which to tamper. In order to convict a defendant of victim tampering, the state must prove that the alleged victim of tampering or attempted tampering was in fact the victim of some crime. If the jury were to acquit [Seals] of the offense of domestic assault in the second degree, it could not convict him of the victim tampering charge.

An evidentiary hearing was held on October 11, 2016. On June 26, 2017, the motion court filed its "Order Denying Movant's Motion to Vacate, Set Aside or Correct Judgment and Sentence Under Rule 29.15." The motion court denied Seals' motion finding that no evidence existed that had the claim been included it would have required reversal. The motion court took note of Seals' reliance on *State v. Owens*, 270 S.W.3d 533 (Mo.App. W.D. 2008), but distinguished it because Owens was "*acquitted* of the underlying crime[,]" and Seals was not. (Emphasis in original). The motion court, relying on *State v. Dooley*, 851 S.W.2d 683 (Mo.App. E.D. 1993), indicated that "[a] defendant need not be found guilty of *every* predicate offense which could render the object of the tampering the 'victim of a crime;' nevertheless, it plainly assumes that the jury must find that the targeted [sic] of the persuasion was the victim of *some* underlying offense." (Emphasis in original). The motion court found that Seals failed to show that raising this claim on appeal would have resulted in reversal.

Seals appealed the motion court's order, asserting two claims for ineffective assistance of trial counsel, and one claim for ineffective assistance of appellate counsel.

---

[5] All rule references are to Missouri Court Rules (2018).

On June 29, 2018, this Court issued its opinion affirming the motion court's order as to Seals' claims of ineffective assistance of trial counsel, but found merit in his claim of ineffective assistance of appellate counsel. *Seals v. State*, 551 S.W.3d 653 (Mo.App. S.D. 2018). Specifically, this Court reversed Seals' victim tampering conviction (Count III) because Seals' appellate counsel should have raised the issue on direct appeal. This Court vacated Seals' conviction and sentence for Count III (victim tampering) because:

> Nothing in the record reflects any reasonable basis for [appellate counsel]'s decision not to request reversal of the attempted victim tampering conviction where [appellate counsel] had requested reversal of the second-degree domestic assault conviction. [Appellate counsel] did not offer a basis, nor did the motion court, nor the State on appeal. Here, the claimed error was sufficiently serious that it created a reasonable probability that had it been raised, the outcome of the appeal would have been different. [Appellate counsel]'s failure to raise this issue under these circumstances was not a reasonable legal strategy.

(Footnote omitted). This Court remanded the case back to the trial court for a new trial on Count III.

On August 27, 2018, the State filed a second amended felony information charging Seals with second-degree domestic assault (Count I), and attempted victim tampering (Count II, previously Count III).[6] A motion for leave to file the second amended information was also filed, but was never taken up by the trial court.

On September 25, 2018, Seals filed a motion to dismiss with prejudice, based on the charges as filed in the second amended felony information, arguing that: (1) Count I was barred by double jeopardy because the State dismissed it after a jury was empaneled; and (2) the State could not proceed on the attempted victim tampering (Count III) without Count I.

---

[6] For clarity, Seals and the State both refer to the counts as presented in the first amended felony information (*i.e.*, Count I (domestic assault in the second degree) and Count III (victim tampering)). We adopt the same shorthand for the remainder of this opinion, unless otherwise indicated.

A hearing was held on October 19, 2018. At the beginning of the hearing, the State withdrew the second amended felony information and indicated that Count I could not be refiled:

> [Seals' Attorney]: I think, with regard to one of the counts, the State is going to dismiss, or at least that was my understanding.

> [State]: It's already dismissed. The State had filed the [second] amended information that had not been ruled on yet which brought back the domestic assault second that was reversed on direct appeal. I read [Seals' Attorney's] cases on that, and I agree with him on that count.

> So the State's just withdrawing the [second] amended information that it filed in August. It is just planning to proceed on the original Count 3, attempted victim tampering.

The docket entry from the date of that hearing also reflected: "State withdraws Second Amended Felony Information filed on 8/27/18." During the argument, the prosecutor also argued that the victim tampering charge could be brought as a stand-alone offense:

> [State]: The big distinction between [*State v. Owens*, 270 S.W.3d 533 (Mo.App. W.D. 2008)] and [*State v. Granger*, 966 S.W.2d 27, 30 (Mo.App. E.D. 1998)], which I'm very well aware of, is that in those cases the defendant was acquitted of the underlying charge, and you can't be acquitted of the crime for which the victim is a victim but be convicted of the victim tampering.

> Mr. Seals has not, nor will he ever be found not guilty of the domestic assault in the second degree. It's just not before the Court. The State still has to prove – I'm looking at 329.87 which is the MAI for victim tampering. We will still have to prove to the jury that she was the victim of domestic assault in the second degree, but there doesn't have to be an attached underlying charge; or else, in the case of victim tampering where someone never cooperated with police, we would never be able to file that because there wouldn't be a charge for it to go along with.

On December 7, 2018, Seals' motion to dismiss was denied.

On January 11, 2019, Seals filed a "Petition for Writ of Prohibition or Mandamus" seeking an order from this Court commanding the trial court to sustain his motion to dismiss Counts I and II of the second amended felony information, and prohibiting the trial court from conducting any further proceedings.

5

On January 23, 2019, this Court granted a preliminary writ of prohibition, with briefing to proceed in accordance with Rule 84.24(h).

In two points, Seals asserts he is entitled to a permanent writ that: (1) prohibits the trial court from taking any further action on Count I, and to grant a dismissal of that count; and (2) prohibits the trial court from conducting a trial on the original Count III, and grant a dismissal of that count because Seals cannot be retried on Count I, and no "fact finder could be properly instructed to allow them to make a finding of guilt as to Count I and as such Count III is insubmissible as a matter of law."

## Standard of Review

A writ of prohibition may issue to: (1) prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or when (3) a party may suffer irreparable harm if relief is not granted.

*State ex rel. Coleman v. Wexler Horn*, 568 S.W.3d 14, 16 (Mo. banc 2019) (internal quotation and citation omitted).

## Analysis

### Point I: Double Jeopardy as to Count I

In his first point, Seals argues that this Court should make permanent the preliminary writ, which prohibited the trial court from taking further action in the underlying matter until further order of this Court. Seals also argues that this Court should enter "an order mandating [the trial court] to grant [his] motion to dismiss Count 1 of the original felony information" because "prosecution of this matter is barred by double jeopardy[.]"

The State dismissed Count I of the original felony information on March 23, 2016. Seals did not consent to the dismissal. Therefore, the dismissal of Count I was with prejudice,

6

pursuant to section 56.087.4.[7]  *See* **State v. Storer**, 368 S.W.3d 293, 295-96 (Mo.App. S.D. 2012); **State v. Moad**, 398 S.W.3d 904, 905-06 (Mo.App. W.D. 2013).  On August 27, 2018, the State filed its second amended felony information, which included Count I and Count III of the original felony information.  On October 19, 2018, based on **Storer** and **Moad**, the State withdrew its second amended felony information.  Because Count I has been dismissed with prejudice and is no longer pending, Seals' Point I is moot.  *See* **Garris v. State**, 389 S.W.3d 648, 650 n.2 (Mo. banc 2012) ("The motion to dismiss count II was rendered moot when the State amended the information to remove [that count].").

### *Point II:  Whether Count III is Contingent on Successful Prosecution of Count I*

In his second point, Seals argues that the preliminary writ should be made permanent, and this Court should enter an order directing the trial court to dismiss Count III of the felony information.

"The writ of prohibition, an extraordinary remedy, is to be used with great caution and forbearance and only in cases of extreme necessity."  **State ex rel. HeplerBroom, LLC v. Moriarty**, 566 S.W.3d 240, 243 (Mo. banc 2019) (internal quotation and citation omitted).  "A writ of prohibition is an extraordinary, discretionary remedy."  **State ex rel. Cullen v. Harrell**, 567 S.W.3d 633, 637 (Mo. banc 2019).  The reviewing court, in its discretion, issues a writ of prohibition:

> (1) to prevent the usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion when the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*Id*. (internal quotation and citation omitted).  The relator has the burden of demonstrating its entitlement to a writ of prohibition.

---

[7] RSMo (2016).

Here, Seals argues that "a conviction for [victim tampering] cannot survive absent a finding of guilt on the crime upon which the victim tampering is dependent[.]"  The premise of this argument is that the dismissal of Count I, via statutory double jeopardy as noted above, forecloses any further prosecution of the victim tampering charge.  We disagree.

The version of section 575.270 in 2013 permitted victim tampering to be brought, without an associated charge, as a stand-alone proceeding.  In relevant part, this statute states:

> 2.  A person commits the crime of "victim tampering" if, with purpose to do so, he prevents or dissuades or attempts to prevent or dissuade any person who has been a victim of any crime or a person who is acting on behalf of any such victim from:
>
> (1)  Making any report of such victimization to any peace officer, or state, local or federal law enforcement officer or prosecuting agency or to any judge;
>
> (2)  Causing a complaint, indictment or information to be sought and prosecuted or assisting in the prosecution thereof;
>
> (3)  Arresting or causing or seeking the arrest of any person in connection with such victimization.
>
> 3.  *[V]ictim tampering is a class C felony if the original charge is a felony. Otherwise, . . . victim tampering is a class A misdemeanor*.  Persons convicted under this section shall not be eligible for parole.

§ 575.270.2-.3 (italics added).  The difference between these two methods of submitting this offense is best understood by looking at MAI-CR 3d 329.87 (9-01-01 version) in effect in 2013:

### 329.87 VICTIM TAMPERING

(As to Count _____, if) (If) you find and believe from the evidence beyond a reasonable doubt:

> First, that [*name of victim*] was the victim of the crime of [*name of crime*] (that occurred on or about [*date*]) (that was charged as a felony on or about [*date*]), and
>
> (Second, that [*name of person*] was acting on behalf of [*name of victim*], and)

(Second) (Third), that (on) (on or about) [*date*], in the (City) (County) of _____, State of Missouri, the defendant [*Briefly describe what defendant said or did.*], and

(Third) (Fourth), that (by) (in) so doing, the defendant purposely prevented or dissuaded [*name of victim or person in paragraph Second*] from [*Insert one of the following. Omit brackets and number.*]

[1] making any report of such crime to any peace officer, law enforcement officer, prosecuting agency, or judge,

[2] (causing a complaint, indictment, or information to be sought and prosecuted) (assisting in the prosecution of a complaint, indictment, or information) in connection with such crime,

[3] arresting or causing or seeking the arrest of any person in connection with such crime,

[4] assisting in the prosecution of [*name of defendant in underlying crime*] for the crime of [*name of crime*],

then you will find the defendant guilty (under Count _____) of victim tampering.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

[*Insert a definition of the crime of which the person was a victim.*]

*Id.* In paragraph First of the instruction, the offense may be submitted either by hypothesizing that a named person was the victim of a crime on a specific date, or by hypothesizing that a named person was the victim of a crime charged as a felony on a specific date. In either case, the jury must be provided with a definition of the specific crime of which the named person was a victim. This is reinforced by the relevant Notes on Use for MAI-CR 3d 329.87, which state:

9

**2.** This instruction contains the direction "[*Insert a definition of the crime of which the person was a victim.*]." This direction refers to the crime named in paragraph First. A definition of the crime must be included in the instruction. It shall be inserted immediately before the last paragraph of the instruction. See Notes on Use 2D to MAI-CR 3d 333.00.

**3.** Tampering with a victim or attempting to tamper with a victim is a class C felony "if the original charge is a felony." Otherwise, tampering with a victim is a class A misdemeanor. If this offense is to be submitted as a class C felony, include the parenthesized language in paragraph First that reads "(that was charged as a felony on or about [*date*])." If the offense is submitted as a class A misdemeanor, include the parenthesized language in paragraph First which reads "(that occurred on or about [*date*]."

Notes on Use 2-3, MAI-CR 3d 329.87. This requirement complies with the principle that "the State must prove that the target of tampering was in fact the victim of a crime[,]" as identified in and defined by the victim tampering verdict-directing instruction. ***Owens***, 270 S.W.3d at 538; *see also* ***State v. Baldwin***, 507 S.W.3d 173, 177 (Mo.App. W.D. 2017). Furthermore, the controlling rationale in ***Owens*** was that the verdicts were destructively inconsistent. ***Owens***, 270 S.W.3d at 536. Because Count I has been dismissed with prejudice and will not be submitted to the jury, no inconsistent verdict is possible. Therefore, Point II is denied.

That said, our opinion only addresses the issue of whether any further prosecution of Seals was foreclosed by the dismissal with prejudice of Count I. "Prohibition is not generally intended as a substitute for correction of alleged or anticipated judicial errors and it cannot be used to adjudicate grievances that may be adequately redressed in the ordinary course of judicial proceedings." ***State ex rel. Douglas Toyota III, Inc. v. Keeter***, 804 S.W.2d 750, 752 (Mo. banc 1991). Because this case has not been tried, there may be issues with respect to the form of the

information, class of offense or other matters that are not yet ripe for review. This Court's preliminary writ was improvidently granted and is hereby quashed.

WILLIAM W. FRANCIS, JR., P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - CONCURS

MARY W. SHEFFIELD, J. - CONCURS