

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED111337 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis City |
| v. | ) | Cause No. 2222-CR01711 |
| | ) | |
| CLARENCE BATTLE, | ) | Honorable Timothy J. Boyer |
| | ) | |
| Appellant. | ) | Filed: February 27, 2024 |

### OPINION

Following a jury trial, Clarence Battle was found guilty of one count of statutory rape and one count of statutory sodomy. The circuit court sentenced Battle to two 25-year terms of imprisonment, to be served consecutively. Battle appeals, arguing his convictions violate his right to be free from double jeopardy because the State dismissed identical charges against him contained in an initial indictment. This Court finds no double jeopardy violation exits because under § 56.087, RSMo 2016,[1] the first indictment was superseded by the second indictment. The circuit court's judgment is affirmed.

---

[1] All statutory references are to RSMo 2016.

**Factual and Procedural Background**

Battle was indicted on July 6, 2021, in the City of St. Louis. The indictment was docketed as case number 2122-CR00770-01 ("First Indictment"). The First Indictment alleged in Count I that Battle committed the felony of statutory rape in the first-degree by knowingly having sexual intercourse with a child less than 14 years old, on or about March 10, 2021. Counts II and III alleged that Battle committed the felony of statutory sodomy in the first-degree. The State filed a second indictment on November 10, 2022, which the circuit court docketed as case number 2222-CR01711 ("Second Indictment"). The Second Indictment included the three original counts, plus three alternative counts to statutory rape and statutory sodomy in the first-degree, and one additional count. In the Second Indictment, Counts I and II both charged Battle with committing statutory rape in the first-degree, Counts III, IV, V, and VI charged him with committing statutory sodomy in the first-degree, and Count VII charged him with kidnapping in the first degree.

Battle appeared in court for a hearing on both indictments. The State offered Battle a plea on the First Indictment. In exchange for Battle's guilty plea to the First Indictment, the State would recommend five years on each count, to be served consecutively for a total of 15 years' imprisonment. If Battle declined its offer, the State would proceed with the Second Indictment, which contained the additional counts, and Battle would face the possibility of three life sentences plus fifteen years' imprisonment. Battle confirmed he understood this offer and declined it. The circuit court arraigned Battle on the Second Indictment, and Battle entered a plea of not guilty.

The case proceeded to a jury trial. At the conclusion of the presentation of evidence, and before the circuit court instructed the jury, the State dismissed several counts in the Second

Indictment, leaving only the original charges of statutory rape and two counts of statutory sodomy in the first degree. The jury found Battle guilty of one count of statutory rape and one count of statutory sodomy. After the jury verdict and before sentencing, the State dismissed the First Indictment. Following his sentencing, Battle filed this appeal.

## Standard of Review

Double jeopardy is a constitutional issue that must be raised at the earliest possible opportunity to be preserved for appellate review. *State v. Liberty,* 370 S.W.3d 537, 546 (Mo. banc 2012). Because Battle raises this claim for the first time on appeal, it is only reviewable for plain error. *State v. Counts,* 133 S.W.3d 52, 54 (Mo. banc 2004). Plain error review is discretionary; however, "a double jeopardy allegation determinable from the face of the record is entitled to plain error review on appeal." *State v. Onyejiaka*, 671 S.W.3d 796, 798 (Mo. banc 2023) (quoting *Liberty,* 379 S.W.3d at 546).

"Plain error review is a two-step process." *State v. Hilbert*, 663 S.W.3d 462, 465 (Mo. banc 2023). "The threshold issue in plain error review is whether the circuit court's error was facially 'evident, obvious, and clear.'" *State v. Wood,* 580 S.W.3d 566, 579 (Mo. banc 2019) (quoting *State v. Jones,* 427 S.W.3d 191, 195 (Mo. banc 2014)). "If the appellant establishes a facially 'evident, obvious, and clear' error, then this Court will consider whether the error resulted in a manifest injustice or miscarriage of justice." *Id*.

## Analysis

In Battle's sole point on appeal, he argues that the circuit court lacked authority to sentence him because when the State dismissed the First Indictment, jeopardy had already attached. Battle asserts that dismissing the First Indictment was the functional equivalent of dismissing all of the charges against him, and because the dismissal came after a jury was

3

already sworn and jeopardy attached on the Second Indictment, sentencing him on those charges violated his right to be free from two prosecutions for the same crime.

Both the Fifth Amendment of the United States Constitution and Article I, §19 of the Missouri Constitution guarantee the right to be free from double jeopardy. The double jeopardy clause "contains two distinct protections for criminal defendants: (a) protection from successive prosecutions for the same offense after either an acquittal or a conviction and (b) protection from multiple punishments for the same offense." *State v. Daws*, 311 S.W.3d 806, 808 (Mo. banc 2010) (quoting *State v. Flenoy,* 968 S.W.2d 141, 143 (Mo. banc 1998)).

Battle does not argue that he was tried twice for any given crime. Instead, he argues that the prosecutor's failure to dismiss the First Indictment before a jury was impaneled on the Second Indictment renders his sentence on the Second Indictment invalid. His argument is based on § 56.087. That statute states that jeopardy attaches in a criminal jury trial when the jury has been impaneled. § 56.087.4. If the prosecuting attorney dismisses a case after jeopardy attaches, the dismissal is with prejudice and cannot be refiled. § 56.087.3.

However, Battle's argument is undercut by § 545.110, which states, "[I]f there be at any time pending against the same defendant two indictments for the same offense, or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be superseded by such second indictment, and shall be quashed." As a result, because there were two indictments against Battle for the same offenses, it was improper and beyond the court's authority to try the defendant on the first charging document, which had been superseded by the second. *State v. Reichenbacher*, 673 S.W.2d 837, 838 (Mo. App. 1984); *see also State v. Granberry*, 530 S.W.2d 714, 719 (Mo. App. 1975). "The first charging document is suspended until the second has been dismissed or quashed and cannot form the basis

for trial of the defendant." *Reichenbacher,* 673 S.W.2d at 838. "The purpose of § 545.100 is to prohibit the trial of an accused under one indictment while another indictment (for the same offense or for the same matter) is 'pending' by automatic 'suspension' of one of the two 'pending' indictments." *State v. Brown*, 267 S.W.2d 682, 689 (Mo. 1954).

Battle was not twice placed in jeopardy for the same offense. He was tried only on the Second Indictment, the only operative charging document at the time. When the state dismissed the First Indictment, which was pending under a separate case number, it was little more than a housekeeping matter.[2]

For this reason, *State v. Storer*, 368 S.W.3d 293 (Mo. App. 2012), on which Battle relies is inapplicable. The facts in Battle's case are dissimilar to *Storer*. In *Storer*, the State tried its case to a jury, but the jury could not reach a verdict and the circuit court declared a mistrial. *Id.* at 294. The State voluntarily dismissed the charges without consent of the defendant, and then refiled a second information with the same charges as in the first trial. *Id.* In that case, this Court held that § 56.087 applied to bar the subsequent prosecution. *Id.* at 296. Because the case had been tried and dismissed, any subsequent retrial was in violation of the defendant's double jeopardy rights as outlined in § 56.087.

Battle's case is different. The State did not file the Second Indictment after first trying and then dismissing the First Indictment. Instead, the State filed a second, superseding indictment and then tried Battle only on that indictment. After the jury convicted Battle, the State dismissed the First Indictment, which was no longer an effective charging document. Battle was tried only once, and was only once placed in jeopardy. Had the First Indictment remained

---

[2] Interestingly, had the State refused to dismiss the First Indictment and attempted to proceed thereunder, it would be a textbook example of a violation of the double jeopardy clause.

pending after the circuit court sentenced Battle, the appropriate remedy would not be to vacate

Battle's conviction or sentences, but instead would be to dismiss the First Indictment.

## Conclusion

For the forgoing reasons, the judgment is affirmed.

_____
John P. Torbitzky, P.J.

James M. Dowd, J., and
Michael S. Wright, J., concur.